MITCHELL v. HAHN.

Opinion delivered November 5, 1917.

1. NEGLIGENCE—OVERFLOW OF LANDS—VIS MAJOR—CO-OPERATING CAUSES.—In an action for damages resulting from an overflow, the plaintiff claimed that the overflow was caused by defendant in the construction of a drainage ditch. Defendant plead excessive rains and *vis major*. *Held*, an instruction was proper which told the jury that an act of God, in order to excuse the defendant must be both the proximate and sole and only cause of the damage, and that defendant could not escape liability if his own negligent act in conjunction with the act of God, resulted to cause the injury, and that said instruction was not in conflict with another instruction given by the court, which told the jury: "Defendants are not liable for any damage resulting from causes beyond their control," and if the rain which caused the overflow "was such an extraordinary rain that no reasonable man would expect and guard against it," to find for the defendants.

2. OVERFLOW OF LANDS—IMPROPER CONSTRUCTION OF DAM—INSTRUCTIONS FROM ENGINEER AND COMMISSIONERS.—A contractor can not escape liability resulting from the negligent construction of a dam, on the overflow of lands, although he acted under the direction of the engineer, appointed by the commissioners, of a drainage district for which he was working; but the contractor is not liable, where he followed the terms of the contract with the district, and operating in accordance therewith, built the dam complained of, with that degree of skill which is ordinarily possessed and exercised by contractors doing the same or similar work, and was not negligent in the building or maintenance thereof.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

1. The instructions are conflicting and erroneous. 55 Ark. L. Rep. 348. Other instructions were abstract and misleading.

*Rachels & Yarnell,* for appellees.

1. There is no conflict nor error in the instructions. None of them are abstract or misleading. They state the law correctly. 104 Ark. 62; 95 *Id.* 300; 110 *Id.* 416;

94 *Id.* 380; 95 *Id.* 345; 118 Ark. 1; 95 *Id.* 345. The verdict is supported by the evidence and the instructions were harmonious and correct.

McCULLOCH, C. J. This is an action instituted by appellant Mitchell against appellees, E. J. Hahn and the Northern Construction Company, for recovery of damages on account of alleged negligence of the defendants in damming up a natural stream of water so as to overflow lands of appellant on which there were growing crops. The case was tried before a jury and the verdict was in favor of appellees.

A certain drainage district was organized in White County, Arkansas, and appellees contracted with the district to construct the improvement, and in doing so dammed up Overflow Creek in order to secure a sufficient quantity of water to float the drainage boat. Appellant's nearby lands were overflowed from the waters of the creek, and it is alleged that crops were damaged and that the overflow was caused by damming up the stream and failing to provide a spillway of sufficient capacity to carry off the surplus water in time of excessive rains. Appellees denied the allegation of negligence and contended that the work was done strictly in accordance with the plans and specifications formed by the drainage district for the construction of the work, and that there was no negligence in constructing and maintaining the dam in Overflow Creek. The evidence was sufficient to warrant a finding in appellees' favor that there was no negligence or that the damage was not caused by the construction or maintenance of the dam.

(1) The only contention here is that there was error of the court in giving instructions. In the first place it is contended that instruction No. 6, given at the request of appellant, and instruction No. 7, given at the request of appellees, were contradictory and erroneous. Those instructions read as follows:

"No. 6. The jury are instructed that it is urged by the defendants that the rains which occurred in May,

1915, were so unprecedented that the flood caused thereby was extraordinary, that it was, in legal contemplation, the act of God, for which the defendants should not be liable. Now, such an act of God which excused the defendants from liability for damages must be not only the approximate cause of the injury, but the sole and only cause thereof; and, if you find from the testimony that the injury was caused by the act of God and that act was so mingled with the acts of the defendants in constructing a dam across Overflow Creek and not leaving sufficient openings therein to carry off the water and that this failure was one of the co-operating causes that produced the injury complained of then the defendants would still be liable to the plaintiff for whatever damage he has sustained as shown by the proof in this cause."

"No. 7. You are instructed that the defendants are not liable for any damage resulting from causes beyond their control, and, if you find from the evidence that the rain which caused the overflow complained of was such an extraordinary rain as that no reasonable man would expect and guard against then you will find for the defendants."

We do not think there is any contradiction in the two instructions, for they each state the correct principles of law applicable to the issues in the case. Instruction No. 6, given at appellant's request, correctly states the doctrine of concurring causes of injury under which appellees might be held liable, and instruction No. 7 correctly states the circumstances under which appellees might be held liable for the damages. The two instructions present different phases of the case, and are both correct and can be read in harmony with each other.

(2) It is next contended that instruction No. 5, given at the instance of appellant, and instruction No. 9, given at the instance of appellees, are likewise conflicting and erroneous. Those instructions read as follows:

"No. 5. The jury are instructed that, although you may find from the testimony that the dam across Overflow Creek was built under the direction and supervision of the engineer in charge of said drainage district, and that said engineer was acting under the supervision and at the instance of the commissioners in charge of said drainage district, still, if you find from the evidence that the injury complained of resulted from negligence and unskillfullness in the construction of said dam, or that the same was constructed higher than necessary for the completion of said work and that by reason thereof plaintiff's crops were damaged, then your verdict will be for the plaintiff."

"No. 9. You are instructed that the defendants are only responsible for their negligent acts done independently of the Overflow Drainage District and for their own private ends and convenience and for the acts done in pursuance of the contract with said district in a negligent, improper or unskillful manner, and if you find from a fair preponderance of the evidence that the defendants were following the terms of their contract with the Overflow Drainage District, and operating in accordance therewith, built the dam complained of herein, as a part of the said ditch, and that they built said dam with that degree of skill which is ordinarily possessed and exercised by contractors doing the same or similar work, and were not negligent in the building or maintenance thereof, then the defendants are not liable in this action and your verdict will be for the defendants."

These two instructions correctly state the principles upon which liability is imposed, respectively, as laid down by this court upon an improvement district and its independent contractors. *Wood* v. *Drainage District No. 2,* 110 Ark. 416; *Timothy J. Foohey Dredging Co.* v. *Mabin,* 118 Ark. 1. Instruction No. 5 states the circumstances under which the contractor might be held liable, and instruction No. 9 states, conversely, the circum-

stances under which liability may be imposed upon the improvement district, and not on the contractor.

Error is also assigned in giving instruction No. 5, which reads as follows:

"No. 5.   Before you can find for the plaintiff you must find from a fair preponderance of the evidence that the damage complained of was caused by the dam set out in the complaint and that the damages must have been of such a nature that an ordinary person could have foreseen and prevented it."

The objection made to this instruction is that it confines the inquiry to the overflow caused by the dam and ignores the question of faulty construction in failing to provide a spillway of sufficient capacity to allow the surplus water to flow over the dam.   We do not think the instruction is open to that objection.   In some respects the instruction is not accurately worded, but it is not open to the objection urged here against it.

The giving of another instruction is assigned as error, which told the jury in substance that if the overflow complained of resulted from causes other than the dam constructed by appellees, then there could be no recovery in this case.   The objection made to the instruction is that there was no testimony tending to show that the damage might have resulted from the other causes recited in the instruction, and that for that reason the instruction was abstract.   We think under the circumstances the jury might have found that the damage resulted from some of the other causes mentioned, and the instruction was, therefore, not abstract.

There is no error in the proceedings, and the judgment is, therefore, affirmed.