THE FEDERAL LAND BANK OF ST. LOUIS *v.* ARKANSAS
STATE HIGHWAY COMMISSION.

4-4727

Opinion delivered October 11, 1937.

*G. V. Head, J. R. Crocker* and *L. F. Reeder,* for appellant.

*Jack Holt,* Attorney General, and *Leffel Gentry,* Assistant, and *Hern Northcutt,* for appellee.

SMITH, J. This appeal is from a decree of the chancery court of Jackson county sustaining a demurrer to appellant's complaint. The allegations of the complaint are to the following effect. Appellant now owns, through a mortgage foreclosure proceeding, land opposite the city of Newport where the State Highway Commission constructed a bridge across White river. This title was thus acquired in 1933. In 1930, which was subsequent to the execution of the mortgage, but prior to its foreclosure, the State Highway Commission entered upon the land without right or authority and erected a high dump and built roads entirely across the land as ap-

proaches to a toll bridge across the river. Appellant was not advised of this appropriation and damage until 1932, at which time it brought suit to foreclose its mortgage. The Highway Commission was made party defendant and judgment was prayed for the damage to the land. The Highway Commission appeared and the court heard testimony, from which it was found and decreed that the damages to the land amounted to $10,000. The land was sold under foreclosure and a deficiency judgment rendered in the sum of $5,519.53. Judgment was rendered in favor of appellant against the Highway Commission for the amount of the deficiency.

This decree was entered before the rendition of the opinion in the case of *Arkansas State Highway Commission* v. *Nelson Brothers,* 191 Ark. 629, 87 S. W. (2d) 394, such suits being authorized before the rendition of that opinion. But the opinion in the Nelson case, *supra,* was delivered before this judgment was collected, and the judgment was thereafter null and void, as it was based upon an unauthorized suit against the state, the Nelson case having held that the State Highway Commission was not subject to suit. Appellant has since been unable to collect the judgment.

Thereafter and at some time between May, 1934, and December, 1935, the exact time being unknown to appellant, the State Highway Commission again entered upon the land without notice to appellant and "dug out all of the remaining tillable portions thereof and constructed another and higher dump, completely destroying the remaining value of the land." Upon learning of this second invasion and appropriation appellant filed claim on December 7, 1935, with the county court of Jackson county for the additional damage in conformity with § 5249, Crawford & Moses' Digest. Appellant has been unable to prevail upon the county court to act upon this claim, either by allowing or rejecting it. Appellant has filed claims with the State Highway Commission, the State Auditorial Department, and the Commission created by act 252 of the Acts of 1937 to audit and allow claims against the state, and the State Refunding Board,

without result. Appellant, therefore, prays that the Highway Commission be "enjoined from further trespass upon said land and from further use and occupancy of said road, bridge and viaduct across the same."

The effect of these allegations is that appellant stood by and permitted the State Highway Commission, an agency of the state, to appropriate, occupy and damage its lands, without making compensation therefor, by building the toll bridge across White river.

Appellant may not enforce its judgment against the Highway Commission, recovered in 1932, for the reason that the Nelson case, *supra,* makes it void. But it was held before the rendition of the opinion in the Nelson case, *supra,* (to quote the fourth headnote in the case of *Watson* v. *Dodge,* 187 Ark. 1055, 63 S. W. (2d) 993) that, "While, under Const., art. 5, § 20, the state could not condemn and take possession of a toll bridge belonging to a private corporation until compensation paid, bondholders who expressly consented that the state should take possession of the toll bridge upon assuming the bonded indebtedness cannot ask for appointment of a receiver to take possession of the bridge and collect the tolls." It was so held for the reason stated in the first headnote to the Watson case that "Any suit, whether in law or equity, which has for its purpose and effect, directly or indirectly, of coercing that state, is one against the state."

The instant suit is one to coerce the state by taking from the possession of the state a portion of one of its highways. Under the allegations of the complaint, the state has wrongfully appropriated appellant's land, and the obligation to pay abides and, in morals and good conscience, should be discharged; but the state cannot be compelled to discharge this obligation through the coercion of being deprived of a portion of its highway. Such is the effect of the opinion in the case of *Watson* v. *Dodge, supra,* and results from the immunity of the state from suit. "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for

public use, without just compensation therefor.'' So reads § 22 of art. 2 of our Constitution. Appellant had, therefore, the right to prohibit the Highway Commission, or any other agency of government, from taking its property until compensation had been paid. It was so expressly held in the case of *Arkansas State Highway Commission* v. *Partain,* 192 Ark. 127, 90 S. W. (2d) 968. But if the property owner fails to assert this right and permits the state to take and occupy his property before compensating him, he may not thereafter coerce compensation by retaking the property from the possession of the state. He must thereafter trust the state to deal fairly with its citizens. He then has no other remedy.

It follows that the relief prayed was properly denied, and the decree is, therefore, affirmed.