ARKANSAS STATE HIGHWAY COMMISSION *v.* BUSH, JUDGE.

4-5078

Opinion delivered March 28, 1938.

*Herrn Northcutt,* for petitioner.

*W. D. Kelly* and *Andrew R. Cheatham,* for respondent.

DONHAM, J. In July, 1936, the Arkansas State Highway Commission was engaged in rebuilding a portion of State Highway 82 in Lafayette county, Arkansas; and as a part of the work of rebuilding said highway was engaged in constructing a railroad overpass in the town of Stamps in said county. It became necessary to acquire easements over certain private property; and the Commission, being unable to agree with the owners thereof upon the extent of the damages, filed its petition in the Lafayette circuit court to condemn the property, naming the owners thereof as defendants. The petition set forth the public nature of the undertaking and the necessity of acquiring rights-of-way across the lands of the defendants, and further set forth that the determination of the amount of the damages to be incurred by the defendants would retard the progress of construction, and prayed an order allowing it to deposit a sum of

money in the registry of the court from which the damages of the defendants could be paid. The Commission further prayed that upon such deposit being made it be allowed to enter upon the lands of the defendants for the public purposes announced; and that upon final payment of the damages awarded to the defendants, the Commission's right to use the property be quieted.

The condemnation order was duly granted; and on August 4, 1937, the court found that the sum of $4,000 should be deposited for the use and benefit of the defendants, and that upon such deposit being made the right of entry upon the premises of the defendants was granted to the Highway Commission, and the defendants were enjoined from interfering with the work which the Commission was undertaking to perform.

The damages of the defendants named in the original suit were duly adjudicated and are not in issue here; but on later dates certain parties, to-wit: Mrs. M. J. Bourland et al., as heirs of the M. J. Bourland estate; the Trustees of the M. E. Church, South; Mrs. Ollie Pullig, Administratrix, and John Riggins, none of whom were defendants in the condemnation suit, filed separate answers and cross-complaints in which it was alleged that they were the owners of certain property which had been damaged in the construction of the project initiated by the condemnation suit; and each prayed judgment against the Arkansas State Highway Commission for an amount of damages alleged to have been sustained by reason of the construction project.

To these interventions, answers and cross-complaints the petitioner herein filed its demurrers, alleging as a ground therefor that such cross-complaints and interventions constituted suits against the state, and that the court was without jurisdiction to hear and determine suits against the state.

The Lafayette circuit court, to which the demurrers were addressed, overruled them. Whereupon, the Commission presented its petition to this court for a writ of prohibition to prevent the Honorable Dexter Bush, Judge of said court, from proceeding further with

the interventions and cross-complaints of the parties hereinabove named, for the reason that said court is without jurisdiction to further entertain such interventions and cross-complaints. The request for a final writ of prohibition is now before the court.

The case of *Arkansas State Highway Commission* v. *Kincannon, Judge,* 193 Ark. 450, 100 S. W. 2d 969, presented a situation in no respect materially different from that with which the court is confronted in the instant case. In the Kincannon case the proceeding arose out of an intervention filed by certain property owners in a case pending in the Crawford circuit court, wherein the State Highway Commission sought to condemn certain property in the city of Van Buren, which property was required by the Commission in the construction of a railroad overpass. Later, certain other property owners filed interventions in which they alleged that the construction of the overpass would damage their property. They prayed that their damages be adjudged and ordered paid out of the deposit which the Commission had made in pursuance of the order of the court. The Highway Commission filed its motion to dismiss the interventions, and upon that motion being overruled, application was made to this court for a writ of prohibition to prevent further hearing upon said interventions. In passing upon the question of whether the writ should be granted, this court said: "It will be observed that property may neither be taken nor damaged without just compensation. When property is damaged, its value is reduced, and this reduction in value is, to the extent thereof, the taking of the property. So that the owner whose property has been damaged, but not physically taken, has the same right to demand compensation for his damages as has the owner whose property has been occupied and taken from his possession. *Donaghey* v. *Lincoln,* 171 Ark. 1042, 287 S. W. 407; *Campbell* v. *Arkansas State Highway Commission,* 183 Ark. 780, 38 S. W. 2d 753.

"But, even so, this right to compensation cannot be enforced by the intervention for two reasons. First, it is a suit against the state. Second, interveners seek to

compel the defendants in the condemnation suit brought
by the Highway Commission to share with them a fund
specially deposited to assure the defendants in that case
the compensation which the Constitution guarantees
them. It is not alleged, nor was any attempt made to
show, that the deposit will suffice to pay all damages
which any and every one may incur. It will not be pre-
sumed that the court required a deposit in excess of the
sum adjudged, as a preliminary matter, to be sufficient
to compensate the defendants in the suit brought by the
Commission against them for their damages.

"The intervention should, therefore, have been dis-
missed, and the writ will be awarded prohibiting its fur-
ther prosecution."

The Kincannon case so completely disposes of every
question involved in the instant case that we have thought
best to quote most of the opinion of the court in said case.
It is readily seen that unless the court wishes to recede
from its position in the Kincannon case, it must grant a
permanent writ of prohibition in the instant case.

Of course, when the state becomes a suitor in her
own courts, she has the same rights and is subject to like
restrictions as private suitors and must submit to and
abide by the results. However, the state has not, in the
instant case, sued the interveners. Their interventions
are, in effect, suits against the state, which we have held
cannot be maintained because of the constitutional pro-
vision, Art. 5, § 20, which prohibits the making of the
state a party-defendant in any of its courts.

The right of property being before and higher than
any constitutional sanction, and there being a constitu-
tional inhibition against its being taken, appropriated
or damaged for public use without just compensation
therefor, the owner whose property has been taken, ap-
propriated or damaged for public use, has a right to de-
mand compensation in damages. But, even so, as was
said in *Arkansas Highway Commission* v. *Kincannon,*
*supra,* the right to compensation cannot be enforced by
a suit filed in the courts of this state. *Arkansas Highway
Commission* v. *Nelson Bros.,* 191 Ark. 629, 87 S. W. 2d

394; *Arkansas Highway Commission* v. *Partain*, 192 Ark. 127, 90 S. W. 2d 968; *Arkansas Highway Commission* v. *Kincannon*, 193 Ark. 450, 100 S. W. 2d 969; *State Highway Commission* v. *Kansas City Bridge Co.*, 81 Fed. 2d 689.

While the property owner may not sue the state or the Commission in its name for damages, he may restrain the Commission from taking his property until damages have been paid, or provision for payment made. If the property owner permits an agency of the state, such as the Highway Commission, to appropriate his property or damage same, he is limited to such relief as the state may provide. For the loss of his property, or for damage to it, he has an unliquidated demand against the state to be satisfied at the pleasure of the state. *Arkansas Highway Commission* v. *Partain, supra; Federal Land Bank of St. Louis* v. *Arkansas State Highway Commission*, 194 Ark. 616, 108 S. W. 2d 1077.

It follows from what we have said that the interventions should have been dismissed. The writ of prohibition will be awarded prohibiting their further consideration. It is so ordered.