BRYANT *v.* ARK. STATE HIGHWAY COMM.

5-2169                                                     342 S. W. 2d 415

Opinion delivered January 30, 1961.

· ‚Maner & Stanley, J. C. Cole, for appellant.

· Dowell Anders and H. Clay Robinson, for appellee.

GEORGE ROSE SMITH, J. This appeal presents a question of first impression in Arkansas: Can the State Highway Commission be compelled to file a condemnation action in order to afford aggrieved landowners an opportunity to assert a claim for damage to their lands? The chancellor, answering this question in the negative, sustained a demurrer to the appellants' complaint and dismissed their suit.

The complaint alleges that the plaintiffs, doing business as the Troutt Motel, own a tract of land lying on the north side of a thoroughfare designated as U. S. Highways 67 and 70. The plaintiffs' property is separated from the highway by an access road that parallels the highway. In the immediate vicinity of the plaintiffs' property there were formerly three exits by which prospective customers of the motel could leave the highway, cross the access road, and reach the plaintiffs' place of business.

The complaint asserts that the Highway Commission, without notice to the plaintiffs, closed the three exits, with the result that the motel is no longer readily accessible to travelers on the main highway. The landowners allege that the market value of their property has been reduced, but their inability to sue the Highway Commission prevents them from enforcing their constitutional right to compensation. They accordingly pray that the Commission be compelled by mandamus to institute an

eminent domain proceeding against the plaintiffs, to the end that a forum may be provided for the recovery of their damages.

The chancellor was right in sustaining the demurrer, for the present proceeding falls within the constitutional prohibition of suits against the State. The controlling language of the constitution is mandatory: "The State of Arkansas shall never be made defendant in any of her courts." Ark. Const., Art. 5, § 20. Since the decision in *Ark. State Highway Comm.* v. *Nelson Bros.,* 191 Ark. 629, 87 S. W. 2d 394, it has been settled that the Highway Commission cannot be sued, and this immunity cannot be waived even by the legislature.

The suability of the Highway Commission was considered in a series of decisions closely following the *Nelson Brothers* case. In *Ark. State Highway Comm.* v. *Partain,* 192 Ark. 127, 90 S. W. 2d 968, it was held that where the Commission was threatening to take private property without making any provision for compensation, the landowner was entitled to enjoin the Commission from taking the property until an amount sufficient to cover the damages had first been deposited in court. Such an injunction, restraining the commissioners from acting illegally, was not regarded as a prohibited suit against the State. But where the landowner stood by and permitted the Commission to take, occupy, and damage his lands, he could not maintain an action against the Commission to recover his damages, for such a coercive proceeding would constitute a suit against the State. *Federal Land Bank of St. Louis* v. *Ark. State Highway Comm.,* 194 Ark. 616, 108 S. W. 2d 1077; *Ark. State Highway Comm.* v. *Bush,* 195 Ark. 920, 114 S. W. 2d 1061.

The case at bar falls within the latter principle, for the asserted injury to the landowners had already occurred when their suit was filed. Nevertheless counsel seek to distinguish the prior cases by arguing that these appellants did not stand by and permit their property to be damaged, since it is contended that the Commission closed the exits so quickly that there was no time for an

injunction to be sought. This argument misconceives the basis for the Commission's immunity to suit after the taking or damage has occurred. The landowner's inability to recover damages does not rest upon the doctrine of laches, in that he has slept upon his rights. Rather, the underlying reason for the court's holding is simply a recognition of the fact that an action to compel the State to redress a past injury would unquestionably constitute a suit against the State. Such a proceeding is plainly forbidden by the constitution.

It is also insisted that the appellants have a constitutional right to maintain the present suit. Counsel rely upon § 13 of Article 2 of the constitution, which provides that every person is entitled to a certain remedy for injuries to his property, and upon § 22 of Article 2, which declares that the right of property is higher than any constitutional sanction and that private property shall not be taken or damaged for public use without just compensation. It is contended in substance that the State's immunity from suit is in conflict with these constitutional clauses and that the latter can be given effect only by permitting the present proceeding to be maintained.

This argument must be rejected. The framers of the constitution certainly knew that instances of hardship would result from the prohibition of suits against the State, but they nevertheless elected to write that immunity into the constitution. The language is too plain to be misunderstood, and it is our duty to give effect to it. The appellants' argument, carried to its logical end, would completely destroy the State's immunity from suit, for it could be argued in every case that to exempt the State from a coercive proceeding would be to deny the plaintiff a certain remedy for an injury he had supposedly suffered.

Lastly, the landowners rely upon decisions in other jurisdictions to the effect that a writ of mandamus should be granted in a situation like this. That is the majority view; the cases are collected in Nichols' work on Emi-

nent Domain (3d Ed.), § 28.21. But the controlling distinction lies in the fact that in those jurisdictions the State is subject to suit, either as a matter of right or by legislative permission. Hence there is no insurmountable objection to a proceeding which in reality constitutes a suit against the State. In the comparatively few states having a rigid constitutional provision like ours, by which the sovereign immunity is mandatory, we do not find a single case supporting the appellants' position.

Here the complaint expressly concedes that the landowners cannot maintain an action for damages against the Highway Commission. Yet it is too plain for argument that precisely the same result would be attained by indirection if the requested writ of mandamus should be issued. Indeed, the present proceeding has no purpose except to force the Highway Commission into court, where a claim for damages can be asserted against it by the appellants. We must conclude that this proceeding falls within the constitutional inhibition against suits against the State. If the appellants have a right to compensation — a point upon which we need not express an opinion — they are limited, as we said in the *Partain* case, *supra,* to filing an administrative claim for such relief as the State may see fit to provide.

Affirmed.