SOUTHEAST CONSTRUCTION Co., INC. *v.* ELLIS.

5-2317                                     342 S. W. 2d 485

Opinion delivered February 6, 1961.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

No brief filed for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a judgment against a construction company for damages resulting from the execution of specific orders of the State Highway Department's Resident Engineer.

On February 9, 1956, the County Court of Hempstead County conveyed to the Arkansas State Highway Commission certain land located along State Highway 55 between Fulton and Saratoga for the purpose of making certain changes in the existing highway. The contract for the highway improvement project was awarded to the appellant Southeast Construction Company.

Appellant began work on May 29, 1956, and completed the job on December 6, 1956. On the latter date the State Highway Department issued a final inspection report and accepted the job as 100% complete.

Between Fulton and Saratoga there is a section of Highway 55 which runs in a general east-west direction. Located north of the highway is a tract of land belonging to appellees, and south of the highway lies a tract formerly owned by Miller M. Bland, deceased. Prior to the change in the highway the right of way was transected at three points by branches of Yellow Creek. Two of these branches crossed the highway under two bridges located near the point where the easternmost boundary of appellees' land intersected the highway. The third branch crossed under the highway near the westernmost boundary of appellees' land. The plans and specifications prepared by the Arkansas State Highway Department for the construction project, however, required appellant to divert the western branch into a new channel paralleling the north side of the highway, closing off the westernmost bridge, and combining all three branches into a single channel near the point where the two easternmost bridges had formerly been located. The plans and specifications

called for a single, large bridge to be constructed on the new right of way (lying several feet north of the old right of way). The plans further called for the excavation of a wide channel from the new bridge a distance of 490 feet to the south, the new channel being 70 feet in width.

The land of appellees and that of Miller Bland, deceased, is low-lying meadowland, and the highway itself crosses the valley of Yellow Creek on an embankment or dump. The material for the new highway dump was obtained, in part, from the old highway and from fill dirt transported to the construction project. A rather substantial amount of "waste" accumulated after the old highway dump was destroyed and the new channel was excavated.

Sometime during the course of the construction, Miller Bland, then living, Hempstead County Judge U. G. Garrett and a representative of the State Highway Department agreed that the waste should be disposed of by depositing it along the west side of the new channel from the new bridge to the end of the channel, thus affording protection to the land of Miller Bland during periods of heavy rain and flooding. No representative of Southeast Construction Company was present when these negotiations were conducted. Moreover, it is undisputed that no representative of appellant was aware that such an agreement existed at the time the levee was constructed.

After the agreement was reached concerning the levee, the State Highway Department ordered the appellant to deposit the waste on the west side of the channel, and appellant in accordance with the contract, complied with this demand.

At no time during the period that appellant worked on this highway project did appellees voice any protest to the County Court, the Arkansas State Highway Department or appellant Southeast Construction Company.

Appellees filed suit against Bland, Hempstead County and appellant in Hempstead Circuit Court on

March 25, 1959. Various responsive pleadings were filed in behalf of each defendant including a counterclaim against appellees by defendant Miller Bland.

On January 27, 1960, appellees filed an amended and substituted complaint naming appellant as the sole defendant. This pleading, in essence, alleged that appellant, by constructing the new highway dump, bridge, channel and levee, had negligently done so with resulting damages to appellees in the amount of $15,000.

On May 24, 1960, this cause was tried to the Court, the parties having waived a jury. On July 22 the trial court issued a memorandum opinion, and judgment in accordance with that opinion was entered on August 19, 1960, awarding damages to appellees in the sum of $1,-500, from which appellant prosecutes this appeal.

For reversal, appellant relies on only one point. It follows:

"According to the undisputed testimony, the deposit of waste material by the appellant was done in strict accord with the contract and specifications and instructions of the Arkansas Highway Department, and therefore the trial court erred in not entering judgment for the appellant."

The trial court's comprehensive memorandum opinion, rendered after personally viewing the property involved on two occasions, indicates a commendable desire that justice be done these litigants. After carefully reviewing the record before us in its entirety, we can find no error in the amount of damages assessed by the trial court.

The trial court further found that appellant was liable for the damages sustained by appellee because the construction of the levee was not authorized in writing by the resident engineer. The clause of the contract upon which the trial court relied is as follows:

"Any deviation from the plans or other details as may be required, will be determined in all cases by the Engineer and authorized in writing."

We are unable to agree, under the circumstances here presented, that the contents of a contract to which appellee was not a party should determine the liability in this case.

It is undisputed that appellant was not a party to the agreement to make a levee out of the waste material. It is further undisputed that the waste material was deposited by appellant at the express direction and under the direct supervision of the resident engineer of the Highway Department.

The contract between appellant and the State Highway Department also contained the following provision:

"All surplus excavated and waste material shall be used to uniformly widen embankments or flatten slopes or deposited in such other places and for such purposes as the Engineer may direct. In no case shall material be deposited above the grade of the adjacent roadway unless directed in writing by the Engineer."

There was no evidence indicating that the waste material making up the levee was "above the grade of the adjacent roadway." Therefore, when the State Highway Department issued its final inspection report and accepted the job as 100% complete, we have no choice but to conclude that appellant followed the terms of their contract with the State Highway Department and operated in accordance therewith. Appellant's compliance with the plans and specifications prepared by the Highway Department cannot be deemed to constitute negligence. In the case of *Mitchell* v. *Hahn*, 131 Ark. 286, 198 S. W. 528, this Court approved the following instruction as a correct statement of the law in Arkansas:

"No. 9. You are instructed that the defendants are only responsible for their negligent acts done independently of the Overflow Drainage District and for their own private ends and convenience and for the acts done in pursuance of the contract with said district in a negligent, improper or unskillful manner, and if you find

from a fair preponderance of the evidence that the defendants were *following the terms of their contract with the Overflow Drainage District, and operating in accordance therewith,* built the dam complained of herein, as a part of the said ditch, and that they built said dam with that degree of skill which is ordinarily possessed and exercised by contractors doing the same or similar work, and were not negligent in the building or maintenance thereof, then the defendants are not liable in this action and your verdict will be for the defendants." (Emphasis supplied.)

An excellent discussion of cases holding that compliance with contract plans and specifications entitles the contractor to immunity from liability, irrespective of damages resulting from such compliance, is found in 69 A.L.R. 490. We quote from two of the cases there cited:

*Ference* v. *Booth and Flinn Co.,* 370 Pa. 400, 88 A. 2d 413:

"It is hornbook law that the immunity from suit of the sovereign state does not extend to independent contractors doing work for the state. But it is equally true that where a contractor performs his work in accordance with the plans and specifications and is guilty of neither a negligent nor a willful tort, he is not liable for any damage that might result. 40 C.J.S., Highways, Section 212, page 208."

*Wood* v. *Foster & Creighton Co.,* 191 Tenn. 478, 235 S. W. 2d 1:

"If the contractor was required, at its peril, to check and double check all plans given it and required to keep an engineering force for the purpose of interpreting these plans, and was not permitted to follow the orders of the engineering force of its superior, then the cost of public improvement would be so increased as to make them almost prohibitive."

In the case at bar, the appellee has been damaged. He should be compensated for his damages by the re-

sponsible governmental body rather than by the contractor who was obligated by his contract to perform according to the proper directions, plans and specifications furnished by the State Highway Department.

Reversed and dismissed.