BEN M. HOGAN CO. *v.* FLETCHER.

5-3047                                           370 S. W. 2d 801

Opinion delivered September 30, 1963.

*Crouch, Blair* and *Cypert,* for appellant.

*Murphy & Burch,* for appellee.

JIM JOHNSON, Associate Justice. This appeal arises from a suit against a highway contractor for damage to real property. Appellees Adrian Fletcher and Marie Fletcher, his wife, sued appellant Ben M. Hogan & Company in Washington Circuit Court alleging that while appellant was reconstructing Highway 16 between Fayetteville and Elkins, appellant improperly constructed a ditch so that about two acres of appellees' land failed to drain, making it impossible to maintain fences or pasture cattle, and sought $15,000 damages. After appellant's answer, appellees filed an amendment to their complaint alleging that appellant was estopped to deny that it was appellant's negligence in the highway construction which caused the damage to appellees' land. Trial was held on December 17, 1962, and at the close of appellees' case, appellant moved for a directed verdict, which was denied. Appellant then rested, and the case

was submitted to the jury, which returned a verdict for appellees and assessed damages at $2,500.00.

From the judgment on the verdict, appellant has appealed, contending that appellees' suit was brought in negligence, and that there was no evidence to support the finding that appellant was negligent or that any negligence of appellant proximately caused appellees' damages.

Negligence has been frequently defined. 65 C.J.S., Negl., § 1, p. 305. In *Johnson* v. *Coleman,* 179 Ark. 1087, 20 S. W. 2d 186, this court succinctly defined it as "failure to exercise ordinary care." Proximate cause is defined as "cause from which a person of ordinary experience and sagacity could foresee that a given result would probably ensue." *Wisconsin & Arkansas Lumber Co.* v. *Scott,* 153 Ark. 65, 239 S. W. 391; *Alaska Lumber Co.* v. *Spurlin,* 183 Ark. 576, 37 S. W. 2d 82; 65 C.J.S., Negl., § 103, p. 648. However, "very often the question of proximate cause is confused with the preliminary question of whether there is any negligence at all." *O'Neill* v. *City of Port Jervis,* 253 N. Y. 423, 171 N. E. 694.

A careful review of the testimony adduced on behalf of appellees (all the testimony) reveals that prior to commencement of bridge and road construction, a big ditch lay between appellees' property and the highway; the ditch was usually or frequently full of water; either when bridge construction started or when appellant commenced the road reconstruction, which included raising the highway three to three and one-half feet, the ditch was apparently filled in the process of widening the road bed; after the ditch was filled, appellees' pasture would not drain and water began to stand there; after complaints from appellees, the State Highway Department Resident Engineer, as a favor to appellees, asked appellant or the bridge contractor to dig a ditch in front of appellees' property; the bridge contractor dug about 100 feet of ditch, as far as he could reach with a small dragline, which lowered the water some; appellant later bulldozed out the remaining 200 feet; appellees' property has failed to drain further.

There is no question about the fact that appellees have been damaged. In our view, the damage is the standing water, not the ditch appellant dug. Appellees were damaged when the original big ditch was filled in accordance with the State Highway Department's plans and specifications. However, the preliminary question is whether there is any negligence at all. There is no evidence that appellant was negligent in the road construction. In fact, the Resident Engineer, appellees' witness, testified that appellant constructed the highway in accordance with the plans and specifications of the State Highway Department, that appellant did everything the contract called for him to do, and he did it like it called for him to do. There is also no evidence in the record that appellant failed to exercise ordinary care (*i.e.,* was negligent) in his gratuitous ditch-digging at the request and direction of the Resident Engineer. In *Southeast Construction Co., Inc.* v. *Ellis*, 233 Ark. 72, 342 S. W. 2d 485, this court held that in the absence of negligence a contractor who performs in accordance with the terms of his contract with the State Highway Department, and under the direct supervision of the Resident Engineer, is not liable for damages resulting from his performance. In the case at bar, the ditch appellant dug was not a part of his contract with the State Highway Department, but it was a gratuitous undertaking, undertaken at the behest of the Resident Engineer, in an attempt to alleviate appellees' damage. Appellees failed to produce even a scintilla of evidence tending to show negligence on the part of appellant. Accordingly, appellant's motion for a directed verdict should have been granted as a matter of law.

Reversed and dismissed.