ROESLER v. DENTON.

5-3562                                   390 S. W. 2d 98

Opinion delivered May 17, 1965.

[Rehearing denied June 7, 1965.]

*H. Clay Robinson* and *Hardin, Barton, Hardin &
Jesson,* for appellant.

*Don Gillaspie* and *Mark E. Woolsey,* for appellee.

Jim Johnson, Associate Justice. This suit concerns damage to real property.

Appellants Roseler own residential property in Fort Smith, bounded on the north by Park Avenue and on the east by a natural drainage course which ran under Park Avenue through a culvert, and over as well as under Park Avenue during heavy rains. As a part of the local highway program, this section of Park Avenue was included in what is called the Fort Smith Spur. The level of Park Avenue was raised adjacent to appellants' property and after the highway construction was completed, appellants discovered that the new culvert was inadequate to carry off excessive rainfall, resulting in flooding of their land. Appellants filed suit in Sebastian Chancery Court against appellees, members of the State Highway Commission, the Highway Director, the resident highway engineer and the highway contractors, seeking to require rebuilding of this section of the highway so as to restore the natural water courses and surface water drainage to its condition prior to said construction, and then amended their complaint for damages for the permanent injury to their property.

We are well aware that "the right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated, or damaged by public use, without just compensation therefor" (Ark. Const. Art. II, § 22) and have in the past wrestled with the particular problem here involved. We are perforce equally cognizant of Article 5, § 20, "The State of Arkansas shall never be made defendant in any of her courts." Were it not for the administrative relief available to claimants such as appellants through the State Claims Commission, Article 5, § 20 might well be considered to be violative of due process. However, the questions here raised have been thoroughly discussed in *Bryant* v. *Ark. State Highway Commission,* 233 Ark. 41, 342 S. W. 2d 415, as follows:

"The chancellor was right in sustaining the demurrer, for the present proceeding falls within the constitutional prohibition of suits against the State. The controlling language of the constitution is mandatory: 'The State of Arkansas shall never be made defendant in any of her courts.' Ark. Const., Art. 5, § 20. Since the decision in *Ark. State Highway Comm.* v. *Nelson Bros.,* 191 Ark. 629, 87 S. W. 2d 394, it has been settled that the Highway Commission cannot be sued, and this immunity cannot be waived even by the legislature.

"The suability of the Highway Commission was considered in a series of decisions closely following the *Nelson Brothers* case. In *Ark. State Highway Comm.* v. *Partain,* 192 Ark. 127, 90 S. W. 2d 968, it was held that where the Commission was threatening to take private property without making any provision for compensation, the landowner was entitled to enjoin the Commission from taking the property until an amount sufficient to cover the damages had first been deposited in court. Such an injunction, restraining the commissioners from acting illegally, was not regarded as a prohibited suit against the State. But where the landowner stood by and permitted the Commission to take, occupy, and damage his lands, he could not maintain an action against the Commission to recover his damages, for such a coercive proceeding would constitute a suit against the State. *Federal Land Bank of St. Louis* v. *Ark. State Highway Comm.,* 194 Ark. 616, 108 S. W. 2d 1077; *Ark. State Highway Comm.* v. *Bush,* 195 Ark. 920, 114 S. W. 2d 1061.

"The case at bar falls within the latter principle, for the asserted injury to the landowners had already occurred when their suit was filed. Nevertheless counsel seek to distinguish the prior cases by arguing that these appellants did not stand by and permit their property to be damaged, since it is contended that the Commission closed the exits so quickly that there was no time for an injunction to be sought. This argument misconceives the basis for the Commission's immunity to suit after the taking or damages has occurred. The landowner's inability to recover damages does not rest upon the doctrine

of laches, in that he has slept upon his rights. Rather,
the underlying reason for the court's holding is simply a
recognition of the fact that an action to compel the State
to redress a past injury would unquestionably constitute
a suit against the State. Such a proceeding is plainly
forbidden by the constitution.

"It is also insisted that the appellants have a con-
stitutional right to maintain the present suit. Counsel
rely upon § 13 of Article 2 of the constitution, which
provides that every person is entitled to a certain remedy
for injuries to his property, and upon § 22 of Article 2,
which declares that the right of property is higher than
any constitutional sanction and that private property
shall not be taken or damaged for public use without just
compensation. It is contended in substance that the
State's immunity from suit is in conflict with these con-
stitutional clauses and that the latter can be given effect
only by permitting the present proceeding to be main-
tained.

"This argument must be rejected. The framers of
the constitution certainly knew that instances of hard-
ship would result from the prohibition of suits against
the State, but they nevertheless elected to write that
immunity into the constitution. The language is too plain
to be misunderstood, and it is our duty to give effect to
it. The appellants' argument, carried to its logical end,
would completely destroy the State immunity from suit,
for it could be argued in every case that to exempt the
State from a coercive proceeding would be to deny the
plaintiff a certain remedy for an injury he had suppos-
edly suffered.

. . . "We must conclude that this proceeding
falls within the constitutional inhibition against suits
against the State. If appellants have a right to compen-
sation—a point upon which we need not express an opin-
ion—they are limited, as we said in the *Partain* case,
*supra,* to filing an administrative claim for such relief
as the State may see fit to provide."

It follows, therefore, that as to the highway commis-
sioners and employees, the demurrer was properly sus-

tained as a suit against the State, and in the absence of an allegation that the contractors negligently failed to perform in accordance with their contracts with the State Highway Department, the demurrer was properly sustained as to them. See *Southeast Construction Co., Inc., v. Ellis,* 233 Ark. 72, 342 S. W. 2d 485; *Ben M. Hogan Co. v. Fletcher,* 236 Ark. 951, 370 S. W. 2d 801.

**Affirmed.**

ROBINSON, J., not participating.