L. M. MEDLOCK et al *v.* ARKANSAS STATE
HIGHWAY COMMISSION et al

CA 82-73                                    642 S.W.2d 336

Court of Appeals of Arkansas
Opinion delivered November 24, 1982
[Rehearing denied December 22, 1982.]

*William J. Cree* and *Irwin & Kennedy,* by: *Robert E. Irwin,* for appellants.

*Thomas B. Keys* and *Chris O. Parker,* for appellees.

MELVIN MAYFIELD, Chief Judge. The issue in this case is whether the chancery court erred in refusing to enjoin the Arkansas State Highway Commission from placing concrete posts on its right-of-way to close a commercial access to a state highway.

The history of this case starts in 1966 when the Highway Commission condemned property in Conway County for the construction of the Blackwell Interchange to connect State Highway 64 and Interstate Highway 40. The crossover road between these highways is a controlled access facility and the road, and a fence barring access to the road, were in

place by November of 1976. Construction of the road bisected property owned by appellants' predecessors in title and left two residual triangles of land abutting Highway 64 and the crossover road to I-40.

Appellant Medlock purchased the eastern residual of 2.2 acres in 1971. It was then unimproved pasture land. In 1973 appellant Goodall obtained an option to purchase that property with the intention of constructing and operating a liquor store on it. In 1980 a retail liquor permit was obtained and construction of the store building began in March of 1981. The land was subsequently conveyed to 101, Inc., a corporation, which is one of the appellants here, along with Medlock, and with Goodall and Robert Bell, who are, apparently, the owners of 101, Inc.

In 1976 the appellants applied for an access driveway permit to the crossover road and it was denied. In 1980 a permit was requested for an access driveway to Highway 64 and it was turned down. On September 5, 1980, the appellants filed suit against the commission asking for an order restraining the commission from preventing access to the crossover road and to Highway 64. This complaint was answered but no trial was held until October of 1981. In the meantime, construction of the store building was completed and traffic from Highway 64 to the store began. When highway department personnel attempted to place concrete posts on its right-of-way to close the driveway the public was using, the appellants obtained a temporary restraining order, but on October 8, 1981, after trial, the court held it was without power to enjoin the commission and the temporary injunction was dissolved.

Appellants argue on appeal that (1) because all of the owners of the land involved were not made parties to the original suit for condemnation, the order of condemnation for the crossover road right-of-way is void as to the omitted parties, and (2) immediately after the commission attempted to block appellants' access to Highway 64, a suit for injunction was filed and it should have been granted unless and until just compensation was paid for the taking of appellants' right of access.

In *Bryant* v. *Ark. State Highway Comm'n*, 233 Ark. 41, 342 S.W.2d 415 (1961), the court held that where the Highway Commission was threatening to take private property without making provision for compensation, the landowner was entitled to enjoin the commission from the taking until an amount sufficient to constitute just compensation had been deposited in court. The court said this would not be regarded as a suit against the state, but where the owner stood by and permitted the commission to take, occupy, and damage his land, he could not maintain a suit for damages because that would be a suit against the state. Other cases have reaffirmed this principle. See *Ark. State Highway Comm'n* v. *Flake*, 254 Ark. 624, 495 S.W.2d 855 (1973) and *Ark. State Highway Comm'n* v. *Rice*, 259 Ark. 190, 532 S.W.2d 727 (1976).

So, assuming that appellants owned an interest in the land involved and that they were not made parties to the condemnation suit, it is nevertheless clear that the crossover road and the fence barring access thereto, have been constructed and used too long for appellants now to obtain an injunction against the commission on the first basis they assert.

As to access to Highway 64, we think the trial judge's action was correct though perhaps not for the reason he gave.

Under Ark. Stat. Ann. § 76-201.5 (m) (Repl. 1981), the Highway Commission is required:

> To adopt reasonable rules and regulations from time to time for the protection of, and covering, traffic on and in the use of the State Highway System and in controlling use of, and access to, the highways, except that no provision contained herein shall be construed as repealing the existing "rules of the road."

Pursuant to that statutory authorization, the Highway Commission adopted its *Regulations for Access Driveways to State Highways* (1976). Regulation B (1) (c) states:

[A]ccess driveways shall be prohibited for a sufficient distance from the intersection to preserve the normal and safe movement of traffic through it, and in no case shall the distance be less than the intersecting street return radius.

In the hearing before the chancellor the appellees introduced evidence that appellants' entire driveway lies within the return radius of the intersection. There was testimony as to the number of vehicles entering and leaving through the driveway and a traffic safety engineer testified that the commercial use of the driveway presented a hazardous traffic condition.

The commission's regulations for access driveways were upheld as constitutionally valid exercises of the police power of the state in *Ark. State Highway Comm'n v. Hightower*, 238 Ark. 569, 383 S.W.2d 279 (1964). Here, the appellants had reason to know that they would have a problem obtaining an access driveway permit and they accepted that risk when they built their building without such a permit. We hold that the evidence supports a finding that the commission's exercise of its authority was reasonable and supports the trial court's order refusing to enjoin the commission's action.

Although we affirm the result of the trial judge's decision, we do not agree that he was without jurisdiction to grant the injunction as to the Highway 64 access. We hold, therefore, that he did not err in refusing to enjoin the commission from closing the *commercial* driveway from appellants' property to Highway 64. We note, however, that the trial court's order does not affect the right of non-commercial ingress and egress to and from appellants' property and Highway 64.

Affirmed.