William L. AUSTIN and Deborah M. Austin, his wife
*v.* ARKANSAS STATE HIGHWAY COMMISSION

94-997                                         895 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered April 10, 1995

*Branch, Thompson & Philhours*, by: *Robert F. Thompson*, for appellants.

*Robert L. Wilson*, Chief Counsel, by: *Charles Johnson*, for appellee.

TOM GLAZE, Justice. The appellants, William and Deborah Austin, purchased a tract of land on the outskirts, but within the city limits, of Paragould. The property is bounded on the west side by Highway 49 and the other three sides are bordered by property owned by different owners. The Austins had the property rezoned for commercial use.

A dispute resulted between the Austins and appellee Arkansas State Highway Commission when the Commission worked on a Highway 49 bridge located just north of the Austins' property. Apparently, without notice to the Austins, the Commission's bridge crew extended a metal guard rail south from the bridge and along the highway right-of-way fronting the Austins' property. The Austins complained that the guard rail eliminated access to their property, and they lost all economic and beneficial use of it. As a result, the Austins filed suit in circuit court against the Commission, alleging that the Commission had taken their property in violation of the Due Process and Equal Protection Clauses

of the United States Constitution. The Commission moved to dismiss the Austins' suit, stating the court lacked jurisdiction over the Commission because the Commission is a state agency which enjoys sovereign immunity under Article 5, Section 20 of the Arkansas Constitution. The Austins responded, arguing the Federal Supremacy Clause, Article 6, Section 2 of the United States Constitution, required the circuit court to enforce their constitutional claims. The trial court granted the Commission's motion to dismiss, and the Austins challenge that decision in this appeal.

Arkansas law is well established that the Highway Commission cannot be sued, and this immunity cannot be waived even by the legislature. *Bryant* v. *Ark. State Highway Comm.*, 233 Ark. 41, 342 S.W.2d 415 (1961); *Ark. State Highway Comm.* v. *Nelson Bros.*, 191 Ark. 629, 87 S.W.2d 394 (1935). However, where the Commission threatens to take private property without making any provision for compensation, the landowner is entitled to enjoin the Commission from taking the property until an amount sufficient to cover the damages is first deposited in court. Such an injunction, restraining the commissioners from acting illegally, is not regarded as a prohibited suit against the state. *See Ark. State Highway Comm.* v. *Partain*, 192 Ark. 127, 90 S.W.2d 968 (1936). But where the landowner stands by and permits the Commission to take, occupy, and damage his lands, he could not maintain an action against the Commission to recover his damages, for such a coercive proceeding will constitute a suit against the state. *See Ark. State Highway Comm.* v. *Bush*, 195 Ark. 920, 114 S.W.2d 1061 (1938); *Federal Land Bank of St. Louis* v. *Ark. State Highway Comm.*, 194 Ark. 616, 108 S.W.2d 1077 (1937).

Here, the Austins point out that they were never notified of the Commission's work until after its completion, and they were unable to seek an injunction or claim damages before the taking took place. A similar situation occurred in *Bryant*, where the Highway Commission, without notice to the landowners, quickly closed their motel business's only exits, and they had no time to seek injunctive relief. Nonetheless, this court explained Arkansas's rigid and mandatory sovereign immunity provision as follows:

[I]t is contended that the Commission closed the exits so

> quickly that there was no time for an injunction to be sought. This argument misconceives the basis for the Commission's immunity to suit after the taking or damage has occurred. The landowner's inability to recover damages does not rest upon the doctrine of laches, in that he has slept upon his rights. Rather, the underlying reason for the court's holding is simply a recognition of the fact that an action to compel the State to redress a past injury would unquestionably constitute a suit against the State. Such a proceeding is plainly forbidden by the constitution.

Based upon Arkansas's sovereign immunity law, the *Bryant* court upheld the trial court's dismissal of the landowner's suit against the Commission.

■ While the Austins seem well aware of Arkansas's mandatory sovereign immunity law, they argue that the trial court should still have jurisdiction to enforce their due process and equal protection claims under the Supremacy Clause. In reviewing the record, it does not appear the trial court specifically ruled on these federal claims, but, instead, it merely determined the Austins' suit was in the nature of an inverse condemnation action against the State Highway Commission and should be dismissed because it violated Arkansas's sovereign immunity law. Nonetheless, the lower court, in reaching its decision, apparently did consider the case of *Light* v. *Blackwell*, 472 Fed. Supp. 333 (E.D. Ark. 1979, aff'd mem. 620 F.2d 307 (8th Cir. 1980)), wherein a federal district court had an inverse condemnation case before it when it wrestled with the same-type constitutional claims the Austins now advance. In *Light*, the district court in pertinent part stated the following:

> The complaint alleges that plaintiffs have been deprived of their constitutional right of due process because of the unlawful taking of their property without payment of just compensation in violation of the Fifth and Fourteenth Amendments. The plaintiffs here have not been deprived of due process since due process remedies are available to the plaintiffs in state court for the alleged taking of their property. *Cf. Ingraham* v. *Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L. Ed.2d 711 (1977). Equitable relief could have been sought in the Pulaski County Chancery Court whereby

the defendants for the State may be enjoined from the taking of property until just compensation is provided therefor. *See Flake* v. *Arkansas State Highway Comm'n,* 251 Ark. 1084, 476 S.W.2d 801 (1972), and *Arkansas State Highway Comm'n* v. *Partain,* 192 Ark. 127, 90 S.W.2d 968 (1936).

In the event a taking occurred before the plaintiffs had the opportunity to seek injunctive relief in the Pulaski County Chancery Court, then the plaintiffs have available to them the remedy of resorting to the State Claims Commission. *See* Ark. Stat. Ann. § 13-1401, *et seq.* (Repl. 1968) [now Ark. Code Ann. §§ 19-10-201 -210 (Repl. 1994)]. The State Claims Commission satisfies the constitutional requirement of due process, and is readily available to the plaintiffs for the relief they seek for the alleged wrongful acts. *Thus having the remedies of the Pulaski County Chancery Court and/or the State Claims Commission available to them, it is not necessary for plaintiffs to resort to federal court for relief.* (Emphasis added.)

We agree with the *Light* decision where it holds that a landowner's due process and equal protection claims are satisfied under Arkansas law since the landowner, claiming a taking of property, may either seek prospective injunctive relief in chancery court or damages from the State Claims Commission. Certainly, such holding is consistent with *Roesler* v. *Denton,* 239 Ark. 462, 390 S.W.2d 98 (1965), where this court held that in considering claims against the state, the State Claims Commission's procedures and remedy satisfied the due process requirements.

We should further mention that this court, citing *Armstrong* v. *Manzo,* 380 U.S. 545 (1965), and *Parratt* v. *Taylor,* 451 U.S. 524 (1981), stated that the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner and due process requirements of the Constitution are satisfied when an adequate post-deprivation procedure exists. *Fireman's Ins. Co.* v. *Arkansas State Claims Comm'n,* 301 Ark. 451, 784 S.W.2d 771 (1990). In *Fireman's Ins. Co.,* the court concluded that such due process requirements were met by Arkansas's post-deprivation procedure under the State Claims Commission process.

We also point out that the Austins' due process argument is the same argument advanced, considered and rejected by this court in *Ark. State Highway Comm.* v. *Flake*, 254 Ark. 624, 495 S.W.2d 855 (1973).[1] There, the court made short shrift of the constitutional argument in a somewhat different way, by stating the following:

> Counsel for the appellees, perforce conceding that "the award may appear to conflict with prior decisions of this court," nevertheless insists that the landowners' inability to sue the State involves a denial of due process of law. We cannot agree. Sovereign immunity was a common law doctrine that originated centuries before the Fourteenth Amendment was adopted. It still exists in many forms. In the *Bryant* case, *supra*, we considered and rejected the same arguments that are now presented by the appellees. We are urged to overrule that decision, but we think it should be sound.

We mention the Austins' reliance on *Lucas* v. *South Carolina Coastal Council*, 504 U.S. 970 (1992), where South Carolina enacted restrictions upon the use of shore front property and those restrictions/regulations deprived the property owner of the economical viable use of his property. In *Lucas*, the Supreme Court held that the property owner suffered a "taking," and here the Austins argue they suffer a similar taking, since the State Highway Commission erected a barrier across their property, thereby eliminating access to and losing all economical beneficial use of their property. *Lucas* is of no help to the Austins, since whether the Austins suffered a "taking" is not the threshold issue. As discussed above, even assuming a "taking" was had by the State Highway Commission's actions, the pertinent questions to be answered are whether Arkansas's sovereign immunity law is enforceable and whether a landowner's right to seek injunctive relief in chancery court or damages via the State Claims Commission satisfy due process requirements. We answer those questions in the affirmative.

---

[1] We note that, in rejecting the landowner's due process argument, the *Flake* decision makes no mention of the State Claim Commission procedure, but instead, the court premised its decision based on the historical fact that sovereign immunity is a common law doctrine that originated centuries before the Fourteenth Amendment.

■■ Finally, the Austins frame a second issue, contending the State Claims Commission cannot assume jurisdiction of constitutional claims because of the separation of powers. The issue was apparently not presented to or decided by the trial court, and, as a consequence, we need not do so here. Suffice it to say that, in the circumstances of this case, the State Claims Commission has the jurisdiction to consider the Austins' claim for damages against the state under Ark. Code Ann. § 19-10-204 (Repl. 1994) and such claim and hearing procedures are fully set out in Ark. Code Ann. §§ 19-10-205–210 (Repl. 1994).

For the reasons stated above, we affirm the trial court's dismissal of the Austins' suit.

DUDLEY, J., not participating.