R. Margaret Dobson, Special Justice, concurring. Although I concur with the majority regarding the disposition of the case, I respectfully disagree with the reasoning. |1(1The majority has held the complaint fails to state a factual basis for a claim under the AWBA and thus the court need not address whether the General Assembly has the legal authority to waive the State’s sovereign immunity. In paragraph 20 of his third amended complaint. Appellee Eugene Butler alleged that “an audit was done of the Harold Complex in order to determine of [sic] public funds had been wasted or stolen.” He was questioned regarding his signature on time cards. In paragraph 21, he alleges that he was later questioned in regard to the audit, and in paragraph 24, he states he was told he would be terminated because of his participation in the investigation and his communication with the auditors. The AWBA in Ark.Code Ann. § 21-1-6-3(c) (Repl. 2004) states, “A public employer shall not take an adverse action against a public employee because the employee participates or gives information in an investigation, hearing, court proceeding, legislative or other inquiry, or in any form of administrative review.” An audit which was done in order to determine if public funds had been wasted or stolen is an inquiry which is covered by the AWBA. Appellee Butler alleges he reported information in an audit and was then told he would be terminated because of his participation in the investigation and his communication with thé auditors. I believe Appellee Butler has stated a claim under the AWBA, and we must address the General Assembly’s legal authority to waive sovereign immunity. Three of my colleagues, through their dissents, have stated that the trial court’s ruling did not specifically address sovereign immunity and thus this court does not have jurisdiction to address the matter in an interlocutory appeal. The State’s motion to dismiss plaintiffs luthird amended complaint points out that the prior orders of the Court had not addressed sovereign immunity. The State’s motion then sets forth: “Out of an abundance of caution, to more clearly reflect the Court’s ruling on the issue of sovereign immunity and address the issue of legislative waiver, the University filed its motion for judgment on the pleadings regarding the issue of sovereign immunity.” The defense of sovereign immunity is the sole issue under the State’s motion to dismiss plaintiffs third amended complaint. Thus, although the trial court’s order did not use the words “sovereign immunity,” the denial of the State’s motion can be nothing other than a ruling on the issue of sovereign immunity. I would reverse the trial court on the issue of sovereign immunity. Article 5, § 20 of the Arkansas Constitution states, “The State of Arkansas shall never be made a defendant in any of her courts.” In Arkansas Department of Human Services. v. Fort Smith School District, 2015 Ark. 81, at 6-7, 455 S.W.3d 294, 299, we stated: This court has recognized three ways in which a claim of sovereign immunity may be waived: - (1) where the State is the moving party seeking specific relief; (2) where an- act of the legislature has created a specific waiver of sovereign immunity; and (3) where the state agency is acting illegally or if a state-agency officer refuses to do a purely ministerial action required by statute. The first listed “exception” is not, in actuality, an exception, but is a distinction. Where the State brings a lawsuit, it is clearly not being made “a defendant in any of her courts.” Appellee Butler’s claims do not fit into this “exception” to sovereign immunity. Likewise, the third listed “exception” is not, in actuality, an exception, but is a distinction. It still does not allow the State to be made a defendant in her own court. | ^Rather, “[w]e have recognized that officers of state agencies may be enjoined from acts-that are ultra vires, in bad faith or arbitrary.” Cammack v. Chalmers, 284 Ark. 161, 163, 680 S.W.2d 689, 690 (1984). Where the underlying reason for an action is “to .compel .the States to redress a past injury, [it] unquestionably ,constitutes[s] a suit against the State.” Bryant v. Ark. State Hwy. Com., 233 Ark. 41, 44, 342 S.W.2d 415, 417 (1961). Appellee Butler’s third amended complaint does not identify any conduct attributable to either Johnson or .the Board that violates the AWBA. He seeks redress for a wrong. He seeks monetary damages. This is a suit against the State and is barred by sovereign immunity. " The'second listed “exception” is the one that is troublesome. If this “exception” is allowed, it will truly create an “exception” to the Constitutional prohibition against making the State a defendant in her own courts. The question of whether the legislature can waive the State’s sovereign immunity was directly considered by this Court-in 1935 in Arkansas State Highway Commission v. Nelson Brothers, 191 Ark. 629, 87 S.W.2d 394 (1935). The Nelson Brothers court, after in-depth consideration of the issue, held, “It is our settled conviction that the State cannot give its consent to the maintenance of an action against it and the court below was without jurisdiction.” Id. at 636, 87 S.W.2d at 397. Consistent with Nelson Brothers, in 1956, this court held a legislative act to be an “unconstitutional attempt on the part of the legislature to consent to a suit against the State” in Fairbanks v. Sheffield, 226 Ark. 703, 706, 292 S.W.2d 82, 84 (1956). In 1961, 'the court noted that a suit against the Highway. Commission was1 a suit against the State and stated, “[I]t has been settled that the Highway Commission can-hot be sued, and this immunity cannot ltsbe waived even- by the legislature.” Bryant v. Ark. State Hwy. Comm’n., 233 Ark. 41, 43, 342 S.W.2d 415, 416 (1961) (emphasis added). In Fireman’s Insurance Company v. Arkansas State Claims Commission, 301 Ark. 451, 455, 784 S.W.2d 771, 773 (1990), this court noted “the completeness of the intent of such immunity” and stated. “As early as Pitcock v. State, 91 Ark. 527, 121 S.W. 742 (1913). this court held that the constitutional prohibition was not merely declaratory that the state could not be sued without her consent, but that all suits against the state were expressly forbidden.” Then, without examination of the issue of whether the legislature can consent and waive sovereign immunity, .two opinions were issued by this court in 1996. Arkansas Department of Finance and Administration v. Tedder, 326 Ark. 495, 932 S.W.2d 755 (1996). and Arkansas Department of Finance and Administration v. Staton, 325 Ark. 341, 942 S.W.2d 804 (1996). which indicated an act of the legislature could waive immunity. In an addendum to the dissent in Staton, it is noted: “The essence of DFA’s sovereign immunity argument is that sovereign' immunity prohibits suits against the State except when permission to sue has been granted.” Staton, 325 Ark. at 351, 942 S.W.2d at 809. It appears that- the State’s attorney in this case did not raise the question of whether the legislature could waive sovereign immunity. The Staton and Tedder courts certainly did not analyze the,issues or even acknowledge the prior rulings on this issue. - Following the issuance of Staton and Tedder, our opinions began citing to these cases, and then to cite to the cases that followed them, for the premise that an act of the legislature can waive sovereign immunity. E.g., State of Office of Child Support Enforcement v. Mitchell, 330 Ark. 338, 954 S.W.2d 907 (1997) (holding OCSE did not waive immunity by bringing |14a paternity action); Simons v. Marshall, 369 Ark. 447, 255 S.W.3d 838 (2007) (holding the Civil Rights Act did not waive immunity); and Arkansas Dep’t of Cmty. Correction v. City of Pine Bluff, 2013 Ark. 36, 425 S.W.3d 731 (holding the state statute did not expressly waive immunity). None of these have examined the holding in Nelson Brothers or analyzed the question of whether the constitution prohibits the legislature from waiving sovereign immunity. It is axiomatic to say that the legislature cannot issue an act to override the constitution. I am persuaded by the analysis in Nelson Brothers. Thus, to the- extent these later opinions hold otherwise, they are adverse to the holdings in our previous eases and to the Arkansas, Constitution. I would hold that the General Assembly’s attempt to waive sovereign immunity through the AWBA is unconstitutional. For this reason, I join the majority in reversing the trial court.