Rosselott *v.* Road Improvement District No. 1 of Lawrence County.

Opinion delivered November 24, 1919.

1. Drains and ditches — damage to land — negligence of contractor.—Although contractors construct a drainage ditch, under plan and in accordance with contract, if they injure the property of another through the negligent exercise of their right, they are responsible therefor, and must respond in damages.

2. Same—same—same—complaint.—The complaint, in an action for damages for the negligent construction of a drainage ditch, alleged that the failure to leave openings in the work was negligent. *Held,* that allegation rendered the complaint valid, and a demurrer to the complaint was improperly sustained.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; reversed.

*W. P. Smith,* for appellant; *Lester L. Gibson* and *Beloate & Anderson,* of counsel.

The complaint stated facts sufficient to constitute a cause of action grounded upon negligence. It stated facts and not merely a conclusion of law. 83 Ark. 78; 118 *Id.* 1.

*J. D. Head* and *Ponder & Gibson,* for appellee.

Appellee was a contractor, building a road under a contract with the commissioners of Road Improvement District No. 1, a body politic and corporate under act No. 338, Acts 1915, and not liable for negligence except for negligence or unskillfulness in constructing the improvement. 110 Ark. 116; 118 *Id.* 1; 83 *Id.* 78. Under these decisions the court was correct in sustaining the demurrer.

Humphreys, J. Appellant instituted suit against appellees in the Eastern District of the Lawrence Circuit

Court, to recover damages in the total sum of $850, on account of damages to his crops and land, occasioned by the alleged negligence of the contractor in constructing a road along the east side of section 22, township 17 north, range 2 east, in said county. The allegation of negligence contained in the complaint is as follows: "That the defendants, their agents, servants and employees carelessly, negligently and without regard to the interests and welfare of plaintiff constructed a dump or levee along said line, whereby three natural watercourses were filled, causing the water to remain on plaintiff's said land, upon which he undertook to make a crop for the year 1918, whereby he was greatly inconvenienced, annoyed and his said crop of corn and cotton, and other farm products ruined and damaged, and his premises rendered untenable during even ordinary rains, and for a long time thereafter. Whereas, if opening had been left in said levee at each of the natural drains, as should have been done, he would not have suffered such injuries." A demurrer was sustained to this allegation of negligence, on the ground that it stated a mere conclusion of law and not facts sufficient to constitute negligence on the part of an independent contractor.

Appellant stood upon his complaint; whereupon the court rendered judgment dismissing it. From the judgment sustaining the demurrer and dismissing the complaint an appeal has been duly prosecuted to this court.

Appellant insists that the complaint stated facts sufficient to constitute a cause of action grounded upon negligence. Appellee Newman B. Gregory Construction Company insists that the allegation of negligence in the complaint is merely a conclusion of law, and cites the case of *Wood* v. *Drainage District No. 2, Conway County,* 110 Ark. 416, in support of its contention. The rule laid down in the Wood case, as to the sufficiency of an allegation of negligence as a basis for recovery against an independent contractor, is that the allegation must disclose facts that would show an improper or unskillful construction of the road. It was said, in substance, in

that case that no facts were set out in the complaint inconsistent with a proper or skillful construction of the road. The allegation of negligence in the instant case is distinguishable from the allegation in the Wood case for the reason that it does set up facts alleged to be inconsistent with a proper and skillful construction of the road. It is alleged in the complaint that appellee, Newman B. Gregory Construction Company, in constructing the road, carelessly and negligently failed to leave openings at each of three natural drains across the land where they intersected the levee for the waters to escape, thereby causing the lands to overflow from ordinary rains to such an extent that it destroyed his crops in the sum of $350, according to an itemized statement contained in the complaint, and injured his lands in the sum of $500. Even if appellee construction company built the road in accordance with plans and specifications of the district but did it in an improper or unskillful manner, it would be responsible to appellant for damages resulting to his crops and lands from overflows occasioned by such negligence. This court said in the case of *Stanton-White Dredging Co. v. Braden,* 137 Ark. 127, that (quoting the first syllabus): "Though contractors construct a drainage ditch, under plan and in accordance with contract, if they injure the property of another through the negligent exercise of their right, they are responsible therefor, and must respond in damages."

It is alleged in the complaint that the failure to leave such openings was a negligent construction of the road. For the purposes of the demurrer, this allegation is conceded, and it was error for the court to sustain it.

For the error indicated, the judgment is reversed and the cause remanded with directions to overrule the demurrer to the complaint.