ARKANSAS HIGHWAY COMMISSION *v.* HOLT.

4-3874

Opinion delivered April 29, 1935.

*Carl E. Bailey,* Attorney General, and *Thomas Fitzhugh,* Assistant, and *Neill Bohlinger,* for petitioner.

*S. W. Woods,* for respondent.

SMITH, J. W. P. McGeorge is a construction contractor operating under the name of W. P. McGeorge & Company, and in that name he entered into a contract with the State Highway Commission to construct certain improvements on United States Highway No. 65, a part of the State highway system in Searcy County, in and upon the lands of Perry Holder. This suit was filed by Holder as owner of the land against both the contractor and the State Highway Commission in the circuit court of Searcy County to recover damages resulting from the improper construction of the improvement in the following particulars: The contractor had put in and had fired unnecessarily heavy shots of dynamite in the construction of the improvement, which shattered a bluff of stone

in such a manner as to destroy a spring of water on the land. For this alleged act of negligence Holder brought this suit in the Searcy Circuit Court to recover the damages to the land resulting from the destruction of the spring against both the contractor and the State Highway Commission.

McGeorge was served with a summons in Jefferson County, and he first filed a demurrer to the complaint. Before the demurrer was disposed of, he filed an answer controverting all the allegations of the complaint, without questioning the jurisdiction of the court.

The State Highway Commission, through an Assistant Attorney General as its attorney, signed a waiver of the issuance and service of summons upon the Commission and entered the appearance of the Commission.

The Commission has objected to the jurisdiction of the circuit court in Searcy County to entertain a suit against it for the damages alleged, and has filed in this court a petition for a writ of prohibition to restrain the prosecution of that suit against it.

The issuance of the writ is resisted by the plaintiff Holder upon the ground that, as the action is one for damages to real estate, it has been localized by § 1164, Crawford & Moses' Digest, and can be brought only in Searcy County, the county in which the land is located; and it is insisted that the Highway Commission has, by the entry of its appearance, been made a party defendant for all purposes. This section of the statutes provides that actions for an injury to real property must be brought in the county in which the subject of the action is situated.

The question here presented is not the right of the plaintiff to sue the contractor in Searcy County for the damage to the real estate. He is not a party to this proceeding, and is asking no relief here. The question is, whether the Highway Commission may be made a party to that suit as a joint tort-feasor; and also the effect of the entry of its appearance.

In the case of *Arkansas State Highway Commission v. Dodge*, 181 Ark. 539, 26 S. W. (2d) 879, we discussed the theory upon which the Commission might be sued at

all in relation to construction contracts which it had made in connection with the State highway system. The holding in that case has since been several times reaffirmed, and need not be again discussed. It was there held, however, that this special authority to maintain such suits must be prosecuted in the manner limited by the act conferring the authority, and that the courts at the seat of the State Government in Pulaski County had been constituted as the sole forum for their adjudication.

The act there construed, and thus interpreted was amended by act No. 50 of the Acts of 1933, page 139. Section 1 of this act reads as follows:

"Suits against the State Highway Commission, the State Highway Note Board, the members or any member of either, or against any State officer, involving any act done or proposed to be done in the administration of the State Highway Department, or of any law pertaining to the State highway system, shall be brought only at the seat of government in Pulaski County; provided, however, that where any suit may be filed against any contractor or persons engaged in the construction of State highways, or on account of any claim growing out of any contract, express or implied, or on account of any damages to person or property, said suits may be filed in any county in this State where service can be obtained upon the defendant by summons or publication of a warning order, and writs of attachment and writs of garnishment may be issued by the clerk of the court in which said suits are filed and served upon the State Highway Department, or the officials in control of the highway department, at the seat of government in Little Rock, and when so served, said highway department shall be required to answer in said cause in the same manner that it is required to answer in suits filed against it in Pulaski County, and same shall give the court in which the suit was filed against the defendant jurisdiction when said service is complete."

This section still provides that suits of the character mentioned "shall be brought only at the seat of government in Pulaski County," but it is provided that suits may be filed against any contractor engaged in the

construction of State highways for any damage to person or property growing out of said contracts in any county in this State where service may be had upon such contractor, and when such service has been had that writs of attachment and writs of garnishment may be issued by the clerk of the court in which the said suits are filed, and be served upon the State Highway Department in Little Rock, and, when so served, the defendant shall be required to answer in the same manner that he would be required to answer in suits filed against it in Pulaski County.

Section 1164, Crawford & Moses' Digest, above referred to, confers authority to sue the contractor in Searcy County, the county in which the damaged land is situated. Having brought suit of that character in Searcy County, the proviso above recited confers the jurisdiction on the court in which the action against the contractor is pending to issue writs of attachment or garnishment against the State Highway Department. This is for the obvious purpose of impounding money due the contractor. It does not confer jurisdiction to make the Highway Department a defendant to the original action. Such a suit would not be brought under our practice by attachment or garnishment, which are ancillary writs. If it had been the purpose of the act to confer such jurisdiction, it would have been provided that summons be served against the department in Pulaski County, which is the statutory method of instituting original suits.

It is not within the power of the Attorney General to enlarge upon the limitations of the statute. He may enter only such an appearance as would have resulted from the issuance of an attachment or writ of garnishment, and such is the effect—and the only effect—of his waiver of service.

It follows, from these views, that the circuit court of Searcy County is without jurisdiction to entertain a suit for the damage to the land itself against the Highway Department, and, in so far as the plaintiff seeks to obtain a judgment against the department for that dam-

age, the suit must be prohibited as being unauthorized by law. A writ to that effect will be awarded.