BucTon Construction Co. v. Carlson.

5-704                                           280 S. W. 2d 408

Opinion delivered June 20, 1955.

*Cooper Thweatt* and *John D. Thweatt,* for appellant.

*John H. Wright* and *D. H. Crawford,* for appellee.

Lee Seamster, Chief Justice. The appellees, Mr. and Mrs. William C. Carlson, owned and operated a service station, café and tourist court which was located about seven miles south of Arkadelphia, Arkansas, in Clark County, on Highway No. 67. The right-of-way of this highway was to be widened in 1951 and it became necessary for the State to acquire that portion of the appellees' property on which these buildings were situated since they were located on a portion of the proposed right-of-way for the highway. The State and the County reached a settlement with appellees for the value of the property to be taken for this purpose. One item in the settlement agreement was the stipulation that the State was to move the buildings from their location to another location on the appellees' property which was a proper distance from the proposed new right-of-way of Highway No. 67, and have them "set up in the same condition as they were before moving and without alteration."

The structures were to be moved and relocated in accordance with job plan No. 7403 of the State Highway Department. The plans for job No. 7403 provided that

the structures were to be moved back and reconstructed in the same condition as they were before the moving.

Prior to the settlement agreement, the appellant, BucTon Construction Company, Inc., an Arkansas Corporation with its principal place of business in Prairie County, Arkansas, was awarded the contract by the State to perform the work necessary for the completion of job No. 7403. Appellees alleged that they had no contract with the appellant. At the completion of this work the appellees brought this suit in Clark County Circuit Court, against the appellant, alleging that BucTon Construction Company, Inc. took down such buildings and equipment in a most careless, negligent and destructive manner, so that much of the materials and equipment in said buildings was badly damaged and its usefulness destroyed. It is contended that the appellant then re-erected such buildings and appurtenances in a careless and slovenly manner. Therefore, as a result of the carelessness and negligence of the appellant in taking down, moving and re-erecting the buildings and equipment the appellees' property was damaged in the sum of $40,000.00. The appellees set out in detail the many items that had been damaged and the manner in which the damage had occurred. This included such items as flood lights, which were used to light the premises and metal troughs which had been installed under the eaves of the buildings for drainage purposes. It is contended that these two items were removed and were never replaced.

The appellees testified to having spent more than $7,000.00 for labor and materials to repair the damages that had been inflicted to their buildings. This was in addition to their own labor which had been expended to try to restore the buildings to their former condition. They stated that there was yet other repairs to be made before the buildings and equipment could be restored to the former condition that existed before the removal and re-erection of the buildings and equipment.

The appellant filed a motion to dismiss upon the grounds that the venue would not be in Clark County, Arkansas, for the reason that: (a) the suit was upon a breach of contract; (b) that the appellant is a domestic corporation with its principal office in Prairie County, and therefore, the venue would be in Prairie County. This motion was overruled by the court and the appellant filed an answer, reserving its rights under the motion to dismiss on the jurisdictional grounds. The answer denied all the material allegations of the complaint and as a further defense set up its contract with the State. It attached a copy of the plans and specifications for job No. 7403. The plans and specifications required the contractor to move the buildings and equipment from their location to another location and thereby re-erected and set up in the same condition as they were before removal. The contract that the appellant had with the State on this job provided that the engineer in charge of supervision would be the final arbitrator over the work performed by the contractor and that he (contractor) would be bound by the engineer's estimates and would be paid upon the engineer's approval of the work. The appellant also alleges, as a defense to the suit, that it performed the work of removing and rebuilding the buildings on the appellees' premises under the approval of the State supervisor for the State Highway Department and that it has been paid for the work performed. It is stated that if any defects appear in the work then the liability would fall upon the State. It is contended that the appellees had a contract with the State and not with the appellant; that the appellant's contract was with the State and that it had completed its contract in accordance with the terms in every respect and in a workmanlike manner; that it reconstructed the appellees' buildings according to the plans and specifications furnished it by the State and the drainage for the new location of said buildings was put in according to plans furnished it by the State. Therefore, it is alleged, that if any defects are found with its work in performing its contract, the

fault would be the responsibility of the State, not the appellant.

This case was submitted to the jury; whereby the jury awarded the appellees the sum of $6,000 for damages other than drainage damages. There was no sum awarded for drainage damages. The Court awarded a judgment accordingly.

For reversal, the appellant insists that the lower court erred in overruling its motion to dismiss because of improper venue. This question of venue and jurisdiction is covered by the Arkansas Statutes.

Section 27-601, Ark. Stats., provides: "Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated, except as provided in Section 27-616; 4. For injury to real property."

Section 27-618 of said Statutes further provides: "In any action which may lawfully be brought only in some one or more particular counties in this State, and not in any county of the State in which service may be had on the defendant, so that the venue for such action is local and not transitory in nature, summons may be served upon the defendant or defendants in such action in any county in this State."

Section 27-605 of said Statutes, the one under which appellant contends the venue is in Prairie County, provides: "An action, other than those in Sections 84, 85 and 90 (27-601—27-603) against a corporation created by the laws of this State may be brought in the County in which it is situated or has its principal office or place of business, or in which its chief officer resides. . . ."

In order to determine the question presented here, it must be determined whether the appellees have alleged damage to real property. If they have, then the suit must be brought in Clark County. The section which the appellant relies upon says that suits against a domestic corporation *may be* brought in the county in which it is situated, but that statute specifically exempts suits

for damage to real property. The appellees in this case have alleged, among other things, that they have been damaged by the carelessness and negligence of the appellant in moving the buildings, and also claim for damage to the land for improper drainage. The allegation of improper drainage is sufficient to give the lower court venue and therefore jurisdiction to try the case.

Further, under the allegations of the appellees' complaint it is clearly evidenced that the buildings located on the real property owned by them before they were moved were a part of the realty. A further analysis of the suit indicates that it was never the intention of either party that the buildings in any manner be converted to personal property. They were simply to be moved back off the right-of-way of the highway. The mere transitory action of moving the buildings back could not be considered sufficient to legally change their status. They were certainly a part of the realty before the operation and are a part of the realty now. An action for injury to real property is local in nature and must be brought in the county in which the land is situated. See *Mayner* v. *Utah Const. Co.*, 108 Fed. Supp. 532. Damages to buildings by highway construction contractor is an action for damages to land and must be brought in the county where land lies. See *Southeast Const. Co.* v. *Wood*, 223 Ark. 325, 265 S. W. 2d 720; *Southeast Const. Co.* v. *Wood*, 223 Ark. 328, 265 S. W. 2d 722. This court has held in the case of *Arkansas Highway Commission* v. *Holt*, 190 Ark. 868, 81 S. W. 2d 929, that: "A contractor who injures another's land while engaged in constructing a state highway may be sued in the county where the injury was committed."

The appellant next contends that the lower court erred in refusing to grant appellant's requested instruction for a directed verdict. It is contended that the appellees had no cause of action, either *ex contractu* or *ex delicto*, for any of the alleged items of damage, by reason of the appellant's contract for job No. 7403 with the State Highway Department. The trial court was correct in overruling the appellant's request for an instructed ver-

dict in its favor. The completion of its contract with the State and the State's approval, thereof, does not relieve the appellant from liability for its negligent act, if it results in injury to appellees' property. The case of *Bickford* v. *Richards,* 154 Mass. 163, 27 N. E. 1014, 26 Am. St. Rep. 224, held: "The plaintiff's right of action does not depend on the existence of a contract between himself and the defendants, as would be the case if he were suing for damages resulting from some non-feasance on their part, but on the fact that they have wrongfully and negligently done, or caused to be done, something to his property which has injured it. The gist of the action is the breach by the defendants of the duty which they owed to the plaintiff not to injure his property by any wrongful or negligent acts of theirs." See also *Arkansas Highway Commission* v. *Holt,* 190 Ark. 868, 81 S. W. 2d 929; *Southeast Const. Co.* v. *Wood,* supra; 12 Am. Jur., § 458, p. 1042.

The jury was previously instructed as to the generality of the law of negligence. The court also instructed the jury that if appellant performed the work of removing and re-erecting the buildings and appurtenances in a negligent, careless or unworkmanlike manner; and if such negligent, careless or unworkmanlike work proximately caused damage, and without which such damage, if any, would not have occurred, the appellant would be liable for the damage caused by its negligence.

The trial court gave instruction No. 9 on the measure of damages. The instruction stated: "If you find for the Carlsons and against BucTon, your verdict should be for such a sum as you believe from a preponderance of the evidence will reasonably be necessary to restore the property to as good condition as it was prior to the movement; provided all elements of damage assessed against BucTon must be those elements properly chargeable to BucTon in accordance with previous instructions of the Court.

"If you find for the Carlsons and against BucTon, your verdict should be for such a sum as you believe

from a preponderance of the evidence will be necessary to restore to as good a condition as immediately prior to the moving those elements of damage, if any, which are properly chargeable to BucTon under these instructions.''

This was a proper instruction and justified by the facts in the case. *Lewis, et al.* v. *Phillips, et al.*, 223 Ark. 380, 266 S. W. 2d 68. The Court properly refused to give the numerous instructions offered by the appellant, since the instructions that were given covered the law in this case. No error appearing, the judgment of the trial court is affirmed.