ARK. STATE HIGHWAY COMM. *v.* LASLEY.

5-3545                                                           390 S. W. 2d 443

Opinion delivered May 24, 1965.

*Mark E. Woolsey* and *Don Gillaspie,* for appellant.

*Howell, Price & Worsham,* for appellee.

FRANK HOLT, Associate Justice. This is a condemnation proceeding by appellant to acquire land for highway purposes. The appellee sought just compensation for his leasehold interest in the land. In addition he sought to recover for the damages to his crops and the loss of cattle caused by the negligent acts of appellant's agents and employees. From the judgment on the verdict favorable to the appellee, the appellant brings this appeal. For reversal appellant relies upon two points. One of appellant's contentions is that the court erred in permitting a suit against the appellant, an agency of the state, in violation of Article 5, §20 of the Constitution of the State of Arkansas. Appellant asserts that the appellee's damages which resulted from loss of his cattle and their trampling and eating his crops are tort claims.

Appellant's agents and employees went upon appellee's property for acquisition purposes. They permitted appellee's cattle to escape resulting in the loss of fourteen head of the agreed value of $1,050.00. The damages to the crops outside the strip of right-of-way, caused by the escaped cattle, was agreed to be $3,125.30. Appellee filed his claim with the State Claims Commission for the recovery of these and other damages. The appellant filed a motion to dismiss appellee's claim on the basis that there was a suit pending in the Pulaski Circuit Court "filed for the purpose of paying all damages to which * * * [appellee is] entitled, as well as for acquisition of land title"; that appellee "has a good legal remedy open to him in the Circuit Court, which he cannot ignore and must exercise"; that an award by the State Claims Commission would result in a cost to the State which would not be shared by the Federal Government; and that "claimant is not placed in the position of suing the State of Arkansas".

Pursuant to appellant's motion to dismiss, the Claims Commission entered an order placing appellee's questioned claims upon the inactive docket stating that in its opinion "the claimant has a remedy at law" for the damages appellee suffered to his crops and his loss

of cattle. Thereupon appellee filed his answer in the pending suit in circuit court. Appellant then filed a motion to require appellee to make his answer more definite and certain, to which appellee properly responded. A joint stipulation, prepared by the appellant, setting forth the proceedings before the Claims Commission and the extent of some of the damages suffered by appellee, was admitted into evidence without objection. Appellant made no motion for a directed verdict nor made any objection to the pleadings, the testimony, or the jurisdiction of the court.

In a long line of cases we have recognized that: ''The State of Arkansas shall never be made a defendant in any of her courts.'' Article 5, §20, Arkansas Constitution. We are of the view that the loss of the cattle and resulting damages to the crops after their escape are tort claims and, therefore, are not permissible in a suit against the state. *St. Francis Drainage Dist.* v. *Austin,* 227 Ark. 167, 296 S. W. 2d 668 and *Wenderoth* v. *Baker,* 238 Ark. 464, 382 S. W. 2d 578. In *Ark. State Highway Comm.* v. *McNeil,* 222 Ark. 643, 262 S. W. 2d 129, we recognized the well settled principles that there is no authority in the law to waive the state's immunity to a suit; that the state is not bound by the unauthorized acts of its agents and, further, the state is not estopped by an erroneous construction of the law by its representatives.

As was said in *St. Francis Drainage Dist.* v. *Austin,* supra:

''There are many laymen, lawyers and judges who believe that, in all fairness, the State, its political subdivisions and quasi public corporations such as improvement districts created by the State, should be liable for torts committed. But the law, holding otherwise, has been firmly established for many years.''

The State Claims Commission was created to represent the state's conscience in such matters. The fact that the loss of the cattle and the resulting damages to appellee's crops outside the acquired right-of-way strip are tort claims does not now prejudice the right of appellee

to again present his apparently just claims to the Claims Commission. Appellant urges that damages to other items belonging to appellee sound in tort. However, we refuse to interfere further since we are of the view that there was sufficient evidence the damages were necessary and incidental to the taking of the leasehold interest.

Appellant next contends for reversal that certain instructions given by the court were inherently erroneous as being confusing and conflicting. No specific objection was made to any instruction given by the court and, further, appellant offered no instruction. We find no merit in this contention, especially in view of the remittitur we now order.

If the sum of $4,175.30 [$1,050.00, the agreed value of appellee's cattle and $3,125.30, the agreed damages to appellee's crops outside the right-of-way strip] is entered as a remittitur to the judgment of $20,160.00 within seventeen (17) calendar days then the judgment will be affirmed. If no remittitur is so entered, then the judgment will be reversed and the cause remanded for a new trial.

McFADDIN, J., concurs.