ARK. STATE HIGHWAY COMMN. *v.*

C. V. STEED & JEFF STEED

5-4109                                    411 S. W. 2d 17

Opinion delivered February 6, 1967

*George O. Green* and *Joe Gunter* and *Robert H. Hall*, for appellant.

*Carroll C. Cannon,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant took the fee simple title to 27.2 acres from one Jeannette Becker Lenygon together with certain construction easements over her lands consisting of approximately 580 acres being used for agricultural purposes. This was right-of-way for construction of Interstate Highway No. 40, a controlled access highway in St. Francis County, Arkansas. Its complaint and declaration of taking were filed on the 21st day of February, 1963. Although the property was under an agricultural lease to appellee C. V. Steed, expiring at the end of the year 1963,[1] through which he and appellee Jeff Steed, as farming partners, were in possession of the property, they were not made parties, nor did they have any notice of the taking until May 16th when surveyors began "stomping his fresh levees down", and after which the driving of piling for highway construction was commenced. Summons was issued for and served on appellees on June 12, 1963. When appellees first became aware of the taking, they had already planted and commenced irrigation of a rice crop on the leased lands and had also planted cotton and beans.

The right-of-way taken ran diagonally across the Lenygon lands from a point near the northeast corner to a point near the southwest corner. The Steeds had farmed a substantial portion of the lands in rice production, using two wells and a system of canals for the necessary irrigation. They also used the lands for fall and winter pasture.

Appellees promptly filed their answer on June 24, 1963, claiming that by reason of the taking of the land and crops thereon planted by them, they would be dam-

---

[1] While the lease recites a two-year term ending December 31, 1963, it describes three notes for rent at the rate of $3,300.00 per year, one being due in each of the years 1962, 1963 and 1964 .

aged in the sum of $820.00 and as a result of the taking of the strip of land, they were unable to properly water, plant and cultivate the remaining acreage and were damaged in the sum of $7,155.00, their irrigation canals having been blocked and the drainage interfered with. They also claimed damages for the deprivation of the use of the land taken by appellant during the year 1963, saying that it was impossible at that late date to get other lands for farming.

The case was tried as to both landlord and tenant and separate awards were made to each by the jury. The jury awarded damages "to the leasehold" in the sum of $400.00; to crops on the right-of-way, $1,420.00; and to crops off the right-of-way, $6,000.00. This appeal is only from that part of the judgment awarding damages for the crops growing off the right-of-way. We do not know any of the instructions that the jury considered in arriving at its verdict, except for two requested by appellees and given by the trial court, as the record was abbreviated to cover only those points urged by appellant for reversal.

No demurrer to appellees' answer, motion to strike, or reply was filed by appellant. The case was called for trial and after a jury was selected, but before opening statements were made, appellant's attorneys asked to be heard in chambers. At this hearing appellant, for the first time, stated its contention that the claim for crop damage to the residual acreage was actually in tort against either the highway commission or its contractor and not recoverable in the eminent domain action. The trial judge ruled that the sole question was whether or not the water stoppage claimed by appellees was shown by the evidence to be a damage caused by the taking and following the construction of the highway. The judge also went on to say that if the damage was caused by the negligence of someone not a party to the suit, it would be a tort action, but he did not believe that the court could say this solely on the allegations of the pleadings filed. In order to clarify his ruling, the judge stated that proof which was in accordance with the

pleadings would be accepted and permitted and that appellees would be permitted to offer testimony proving any damages occasioned by the taking of the property and the construction which followed, and if there was evidence that the damage was caused by the negligence of someone and not by the taking, then the court would pass upon the question. Appellant objected and it was understood that the objection would go to any testimony admitted under this ruling. From time to time during the presentation of the evidence, this objection was renewed.

At the conclusion of all the evidence, appellant unsuccessfully moved to strike all evidence with regard to damages to residual tracts, apparently on the contention that these damages caused by the taking were "incidental", so that appellees would be entitled to recover only for damages to those crops on the right-of-way. The court then gave the instructions requested by appellees. One of these stated the measure of damages to a crop to be the difference in the fair market value between the crop that the land would otherwise have produced and the crop actually produced, less the difference between what it would have cost to have produced, harvested, and marketed an undamaged crop and what it did cost to produce, harvest, and market the actual crop. The other told the jury that the tenant was entitled to just compensation for damages to his crops on land adjoining land taken by condemnation and farmed as a single operation which they found from a preponderance of the evidence resulted from the taking.

The points relied on here are: (1) That the instructions are erroneous because they permitted the jury to consider elements of damages which amounted to a counterclaim against the state prohibited by Article 5, § 20 of The Arkansas Constitution and, (2) that the court erred in permitting testimony relating to crops growing on lands not taken, as this constituted a constitutionally prohibited suit against the state. No objection relating to these points, other than those hereinabove stated, was made.

For the purposes of this opinion, it is sufficient to say that the testimony of appellees and the witnesses called by them tended to prove damages to the crops on lands of the leasehold remaining after the taking, under the rules outlined by the trial judge, and that these damages were caused by removal of fences crossing the right-of-way, blocking of drainage on the right-of-way, blocking of an irrigation canal crossed by the right-of-way so that there was no canal there at the time of the trial, and damaging of a water gate and bridge during construction of the highway for which the lands were taken. There is no evidence on behalf of appellant in the abbreviated transcript and nothing to indicate that any was offered by it as to the claim of appellees. It was stipulated that no one had any right to cross the limited access highway with a rice canal or a bridge.

A sufficient answer to the contention of appellant that appellees' right of recovery is against a contractor, if anyone, lies in the failure to show that the construction was undertaken by the letting of a contract by appellant. Aside from statements of appellant's attorneys and assumptions made by them in putting questions to witnesses, and an inference that might be drawn from a question by appellees' attorney, there is nothing in the record to indicate that the construction was not done with the highway department's own forces. If this were not sufficient, a further answer is that there is no liability on the part of a contractor if he follows the designs and plans and specifications of the condemnor and complies with his contract with it if he did not do so in an improper or unskillful manner or was not guilty of negligence which caused the damage of which complaint is made. *Burt* v. *Henderson*, 152 Ark. 547, 238 S.W. 626; *Roselotte* v. *Road Improvement Dist. No. 1 of Lawrence County*, 141 Ark. 8, 215 S. W. 891; *Wood* v. *Drainage Dist. No. 2 of Conway County*, 110 Ark. 416, 161 S. W. 1057.

The contention of appellant raises questions as to the right of the lessee under an agricultural lease to

recover severance damages for crops growing on that portion of the leased farm not physically taken.

It has long been recognized that a lessee can recover compensation for the taking and damage of his leasehold interest. See *Little Rock & Fort Smith Ry. Co.* v. *Alister*, 62 Ark. 1, 34 S. W. 82; *McLaughlin* v. *City of Hope*, 107 Ark. 442, 155 S. W. 910; *Capitol Monument Co.* v. *State Capitol Grounds Comm.*, 220 Ark. 946, 251 S. W. 2d 473; *Arkansas State Highway Comm.* v. *Fox*, 230 Ark. 287, 322 S. W. 2d 81; *Arkansas State Highway Comm.* v. *Cochran*, 230 Ark. 881, 327 S. W. 2d 733; *Arkansas State Highway Comm.* v. *Thomas*, 231 Ark. 98, 328 S. W. 2d 367.

In two of these cases it is clearly demonstrated that the lessee's recovery is not limited to his damages on the area actually taken. In *McLaughlin* v. *City of Hope* it was said that the owner of a mill on a millsite leased by him, having the right to use of a stream, was entitled to recover to the extent of the damage to his interest when the millsite was rendered worthless by a condemnation by discharge of sewage into the stream. In *Arkansas State Highway Comm.* v. *Cochran*, 230 Ark. 881, 327 S. W. 2d 733, the lessee, under a mineral lease for select material for highway construction, was awarded damages when the taking of two acres of a three-acre tract rendered the mining of the acre not taken impractical. This is in keeping with our constitutional provision requiring just compensation for the taking or damaging of property. It has consistently been held that the owner of property damaged but not physically taken has the same right to demand compensation as has the owner whose property has been occupied and taken from his possession. *Arkansas State Highway Commn.* v. *Kincannon*, 193 Ark. 450, 100 S. W. 2d 969. And this is so even though the injuries may be consequential. *Campbell* v. *Arkansas State Highway Commn.*, 183 Ark. 780, 38 S. W. 2d 753. The contention of appellant that appellees could not recover for damages to the remaining lands resulting from the taking is, therefore, not well

founded. It follows necessarily, that condemnor is liable for the damage which is the result of its taking and any damage by reason of acts of a contractor which are required in performing his contract are a part of the just compensation to which the condemnee is entitled.

It has also been recognized that, in fixing compensation to the owner of lands taken or damaged by a condemnor, it is proper to take into consideration the value of his crops destroyed or damaged. *Ross* v. *Clark County*, 185 Ark. 1, 45 S. W. 2d 31. See, also, 29A C. J. S. 734, Eminent Domain, § 173.

A lessee is an "owner" for the purposes of eminent domain cases. 27 Am. Jur. 2d, 21, Eminent Domain, § 250. There is no reason why his recovery should not include the same elements.

It appears that this court has never prescribed the measure of damages in cases such as this, but appellant did not question the measure submitted to the jury by objection to testimony or instructions. Although we do not reach the question for this reason, there are authorities supporting the position of appellees and the measure apparently applied—the difference between the value of the crop that would have been produced at maturity and the cost of production (with reduction for the value of the crop produced, as here directed). See *Pieper* v. *City of Scottsbluff,* 176 Neb. 561, 126 N. W. 2d 865; *Daily* v. *United States,* 90 F. Supp. 699; *Board of Commissioners of Fairfield County* v. *Richardson,* 122 S. C. 58, 114 S. E. 632.

Appellant bases its appeal entirely on the one objection made in the trial court—that this is a tort action from which appellant is immune. Reliance is placed principally on the decisions in *Arkansas State Highway Commn.* v. *Lasley,* 239 Ark. 538, 390 S. W. 2d 443 and *St. Francis Drainage District* v. *Austin,* 227 Ark. 167, 296 S. W. 2d 668, apparently on the basis that any de-

struction of crops is a tort. These cases are easily distinguished from the present one. In the latter, the damage to the crops was caused by the drifting of poison used by a drainage district to kill willows growing on its right-of-way well after the taking. The distinction was pointed out by Mr. Justice Robinson in the opinion itself—appellee's crops were neither intentionally nor *inevitably* damaged, nor was the damage of a permanent nature. It was also pointed out that the rule was different where the damage was of a permanent nature. In the former case, the opinion clearly states that the damages to the landowner's crops and his loss of cattle were caused by the *negligent* acts of appellant's agents and employees in permitting the landowner's cattle to escape.

There is no indication that any of appellees' damage was anything other than that ordinarily and naturally resulting from the taking and use of the right-of-way. It is obvious that no irrigation canal or pasture fence crossing the right-of-way could remain intact either during or after construction of an interstate, controlled access highway. No suggestion is even made that this was a temporary construction condition, it being stipulated that no such condition would be permitted.

Clearly, neither the pleadings nor the proof showed any attempt on the part of the appellees to recover for any tort. On the other hand, the damage to them was the direct result of the taking of the right-of-way for a proper public use.

The judgment is affirmed.