MADGE SHIPLEY (DECEASED), ET AL *v.* CRAWFORD COUNTY, ET AL

5-6145                                    490 S.W. 2d 439

Opinion delivered February 19, 1973

*Batchelor & Batchelor,* for appellants.

*Thomas B. Keys, Kenneth R. Brock, Floyd G. Rogers,* for appellees.

CARLETON HARRIS, Chief Justice. On April 1, 1971, Crawford County condemned a portion of the lands of appellants at the instance of the Arkansas State Highway Commission for the purpose of widening State Highway No. 162. On March 16, 1972, the county petitioned the Chancery Court of Crawford County seeking an injunction against appellants preventing and restraining them from interfering in any unlawful manner with the construction of the job upon the right-of-way condemned for highway purposes. Appellants answered the petition, first alleging that the state highway commission was the real party in interest and asking that it be made a party defendant; that appellants were entitled to be paid for any damages sustained; that under Amendment 10 to the Constitution of the State of Arkansas, the county is prohibited from paying one year's obligations from another year's income, and appellants are entitled to have a guarantee that their damages, when determined by a court of competent jurisdiction, will be paid. It was asserted that Crawford County had no funds for the year of taking with which to make payment, and in such event, the complaint asked that the highway commission be required to pay same. It was then prayed that Crawford County be required to make a reasonable bond for payment of damages, and that the commission be required to pay any damages sustained, after judicial determination of the amount due, for any sum which appellants were unable to collect from Crawford County. After the petition had been amended, the commission demurred to the response filed by appellants on the basis that such petition constituted a suit against the state in violation of Article 5, Section 20 of the Arkansas Constitution. The court sustained this demurrer and entered an opinion making pertinent findings as follows:

"Defendants have made no showing that the Plaintiff cannot, or will not be able to pay damages that may be determined; and payment need not precede the taking so long as Defendant has available a

method for payment as herein by claim against the County. (Citing case).

The Plaintiff, Crawford County, is not alleged or shown to be insolvent at any time past, present or future. But has offered to deposit a sum in excess of the appraised value of the small amount of land being taken and as has been pointed out, the Plaintiff will be responsible for whatever damages may be finally determined. (Citing case). In view of all of which, the Defendants' fears of a violation of Amendment 10 of the Arkansas Constitution Appear to be ill-founded."

The prayer for injunction was granted and the court directed Crawford County to deposit in the registry of the county or circuit court the sum of $5,000 "to cover such damages" and deposit in the registry of the chancery court the sum of $2,000, or a sufficient bond, to guarantee payment of all probable damages and costs occasioned by the issuance of the injunction. From the order so entered, appellants bring this appeal.

There is no need to discuss the points presented for reversal since it at once appears that this decree sustaining the demurrer will have to be reversed. In their brief, appellants say that they had no opportunity to present proof, examine or cross-examine witnesses, and that the trial court issued the injunction and set the bond without any evidence to support it. In their brief, appellees state that the commission's district engineer was present and explained plans relative to the properties in question; that the attorneys made statements relating to the factual aspects of the case, and that at no time did the appellants request that they be permitted to offer evidence on the amount of the bond. It is further stated that the county judge was present, and that the prosecuting attorney, representing Crawford County, assured the court the county was solvent; that the county judge stated that he had requested three men to appraise appellants' damage and that they found a figure of $4,000.00. While these statements all appear in the briefs of the respective parties, none of this appears in the record.

There is nothing in the record except the pleadings, profile of the proposed highway, service of summons, opinion, and order of the Chancery Court. We, of course, can consider nothing except the contents of the record.

We think the court erred in sustaining the demurrer. Perhaps appellants could have better worded their "Petition for Equitable Relief", but it is apparent that they were not seeking a judgment against the highway commission, but were only seeking assurance that damages, after being ascertained, would be paid. In *Bryant v. Arkansas State Highway Commission*, 233 Ark. 41, 342 S.W. 2d 415, this court pointed out that an action seeking to compel the commission to redress a past injury would unquestionably constitute a suit against the state, forbidden by the Constitution. In the instant case, as in *Arkansas State Highway Commission* v. *Partain*, 192 Ark. 127, 90 S.W. 2d 968, the relief sought occurred before the damage to the property, and in the latter case we said:

> "The property owners cannot be required to accept a claim for unliquidated damages as compensation for their property. There is authority in the law whereby the court, in which condemnation is prayed, may require a deposit in court of a sum of money sufficient to pay any and all damages which may reasonably be assessed; and the deposit must be in the registry of the court where the damages will be assessed, which in this case is the circuit court of Crawford County. This deposit is in effect the payment, and in advance, which the Constitution requires as a condition precedent upon which the property must be taken. Such an order of the court and a deposit pursuant thereto places the fund in the hands of and subject to the control of the court."

No judgment has as yet been rendered so it is certain that appellants are not seeking recovery from the commission, but only a proper deposit from the county which will guarantee the payment of damages. This condemnation was effected under Ark. Stat. Ann. § 76-510 (Repl. 1957)[1], and the condemnation was entirely

---

[1]Ark. Stat. Ann. § 76-511 (Repl. 1957) provides for steps to be taken by the highway commission where the county refuses to take any action.

proper; however, as is the case where the commission itself condemns the lands sought, the landowner is entitled to a guarantee of payment.

There is nothing in the record to indicate whether the deposit of $5,000 is sufficient or adequate to compensate for damages that may be incurred, nor is there anything in the record to denote whether sufficient monies from county revenues of 1971 have been retained to pay such damages. Appellants, under our cases, are entitled to this protection.

Accordingly, the order sustaining the demurrer is hereby reversed and set aside and the cause is remanded to the Crawford County Chancery Court with instructions to proceed in a manner not inconsistent with this opinion.