TRI-B ADVERTISING, INC. *v.*
ARKANSAS STATE HIGHWAY COMMISSION
et al

76-58 539 S.W. 2d 430

Opinion delivered July 12, 1976
[Rehearing denied September 13, 1976.]

*Howell, Price, Howell & Barron,* for appellant.

*Thomas B. Keys* and *Chris Parker,* for appellees.

ELSIJANE T. ROY, Justice. Appellant Tri-B Advertising, Inc. filed a complaint for damages against the Arkansas State Highway Commission (Commission) and Folk Construction Co., Inc. (Folk), appellees herein. The complaint alleged that the Commission ordered its agent Folk, as part of an eminent domain action, to remove an outdoor advertising sign owned by appellant and that its property valued at $2500 was taken for public use without compensation in contravention of the Arkansas Constitution. Each appellee filed a demurrer to the complaint, and both were sustained by the trial court.

On appeal Tri-B Advertising, Inc. first contends that the trial court erred in granting appellees' demurrers because appellant's complaint stated a common law cause of action against them.

Under its first assignment of error appellant urges that in failing to follow necessary statutory procedure prior to

removal of its sign the Commission became vulnerable to a common law cause of action in a State court. It is contended by appellant that it received neither notification of the condemnation action taken against it nor compensation in the form of a deposit to cover the estimated value of the condemned property. Appellant argues that this failure to provide compensation is violative of § 22, Article 2 of the Constitution of Arkansas which requires that before private property shall be acquired for public use just compensation shall be tendered.

Appellees, without disclaiming in any manner appellant's assertions of the taking of the property without notice or compensation, contend that § 20, Article 5 of the Arkansas Constitution forestalls making an agency of the State a defendant in any State court.

It is well settled that in determining the sufficiency of a complaint on demurrer, every reasonable intendment should be indulged in favor of the complaint, and if facts stated in the complaint, together with all reasonable inferences to be deduced therefrom, constitute a cause of action, the demurrer should be overruled. *Mortenson* v. *Ballard,* 209 Ark. 1, 188 S.W. 2d 749 (1945). *Green Seed Co. of Ark.* v. *Williams,* 246 Ark. 463, 438 S.W. 2d 717 (1969); *Comer Lbr. & Supply Co.* v. *Woodward,* 235 Ark. 632, 361 S.W. 2d 259 (1962).

The State of Arkansas, its officers and its agencies cannot be made a defendant in any of its courts. Article 5, § 20, Arkansas Constitution. The Arkansas State Highway Commission is an agency of the State, and suit cannot be maintained against the Commission. *Ark. State Highway Commission* v. *Nelson Brothers,* 191 Ark. 629, 87 S.W. 2d 394 (1935). This immunity extends to suits for torts. *Wenderoth* v. *Baker,* 238 Ark. 464, 382 S.W. 2d 578 (1964); *Ark. State Highway Commission* v. *Lasley,* 239 Ark. 538, 390 S.W. 2d 443 (1965).

In *Bryant* v. *Arkansas State Highway Commission,* 233 Ark. 41, 342 S.W. 2d 415 (1961), we stated:

The suability of the Highway Commission was considered in a series of decisions closely following the *Nelson Brothers* case. In *Ark. State Highway Comm.* v. *Par-*

*tain,* 192 Ark. 127, 90 S.W. 2d 968, it was held that where the Commission was threatening to take private property without making any provision for compensation, the landowner was entitled to enjoin the Commission from taking the property until an amount sufficient to cover the damages had first been deposited in court. Such an injunction, restraining the commissioners from acting illegally, was not regarded as a prohibited suit against the State. But where the landowner stood by and permitted the Commission to take, occupy, and damage his lands, he could not maintain an action against the Commission to recover his damages, for such a coercive proceeding would constitute a suit against the State. *Federal Land Bank of St. Louis* v. *Ark. State Highway Comm.,* 194 Ark. 616, 108 S.W. 2d 1077; *Ark. State Highway Comm.* v. *Bush,* 195 Ark. 920, 114 S.W. 2d 1061.

The complaint states the device had been removed prior to the filing of this suit. The "taking" of any property interest in the sign as a fixture had likewise been completed. See *Ark. State Highway Commission* v. *Holden,* 217 Ark. 466, 231 S.W. 2d 113 (1950); *Ark. State Highway Commission* v. *Flake,* 254 Ark. 624, 495 S.W. 2d 855 (1973).

The *Bryant* decision, *supra,* has been reaffirmed in *Ark. State Highway Commission* v. *Flake,* supra, and *Shipley* v. *Crawford County,* 253 Ark. 1021, 490 S.W. 2d 439 (1973), and appellant is limited to a remedy in the State Claims Commission. Ark. Stat. Ann. § 13-1402 (Repl. 1968).

Appellant's second contention is that the court erred in granting appellee Folk's demurrer because the complaint states a cause of action for the commission of an intentional tort. In *Ark. State Highway Commission* v. *Steed and Steed,* 241 Ark. 950, 411 S.W. 2d 17 (1967), we held:

. . . [T]here is no liability on the part of a contractor if he follows the designs and plans and specifications of the condemnor and complies with his contract with it if he did not do so in an improper or unskillful manner or was not guilty of negligence which caused the damage to which complaint is made. (Citations omitted.)

However, the converse of this principle is also true. If the contractor does not act in compliance with these requisites he may become liable even though acting under directions of the Commission.

In 40 C.J.S. Highways § 212 the general rule of law is stated as follows:

> However, the contractor, and not the highway authority, is liable for damages resulting from his own tortious acts in the performance of the contract, as where he is negligent, or commits an unauthorized trespass on the property off the right of way. Even though the highway authority may be immune from liability for damage, such immunity is not shared by the contractor. * * *

In *Bucton Construction Company* v. *Carlson,* 225 Ark. 208, 280 S.W. 2d 408 (1955), we upheld a judgment against a contractor who negligently performed such a contract.

When we view the complaint construing every reasonable intendment in favor of the pleader, as we are required to do when its sufficiency is tested by a demurrer,[1] we find a factual issue is presented as to whether the damage done to appellant's property was caused by some negligent or tortious act on the part of the contractor. Therefore the demurrer should have been overruled.

The judgment of the trial court is affirmed as to the Commission and remanded for action not inconsistent with this opinion as to Folk.

---

[1]*Comer Lbr. & Supply Co.* v. *Woodward, supra.*