## BOARD OF COMMISSIONERS OF THE LITTLE ROCK MUNICIPAL WATER WORKS *v.* Kathleen STERLING

CA 79-359                                     597 S.W. 2d 850

Court of Appeals of Arkansas
Opinion delivered April 16, 1980
Released for publication May 7, 1980

*Mitchell, Williams, Gill & Selig,* for appellant.

*Henry & Duckett,* for appellee.

ERNIE E. WRIGHT, Chief Judge. This is an appeal from a judgment in favor of the appellee awarding compensation in

the amount of $3000.00, pursuant to a jury verdict, for the taking by eminent domain of an easement for an underground water main across appellee's land in the City of Little Rock.

The Board of Commissioners of the Little Rock Municipal Water Works contends for reversal the trial court erred in allowing the appellee to introduce evidence of damage done by the project independent contractor outside the easement, and erred in the giving of instruction number 3. Appellant also contends there is no substantial evidence to support the $3000.00 jury verdict.

The appellant filed an application and obtained an order on November 10, 1976 for immediate possession of a permanent easement 25 feet wide and an adjacent temporary construction easement 30 feet wide extending across a five acre tract of land belonging to appellee abutting the east side of Reservoir Road in Little Rock. The permanent easement is across the northwest corner of the five acre tract and is approximately 280 feet in length and the adjacent temporary construction easement is slightly longer. The construction of the water main was performed by an independent contractor. The court, over objections of appellant, permitted the appellee to introduce proof of damages to her property by activities of the contractor outside the easement. The evidence showed the appellee, without any request from appellant, gave the contractor permission to use the driveway to her home, outside the easement, as an access for moving heavy equipment to and from the construction on the easement. Evidence was introduced, over appellant's objection, of various damages caused by the contractor outside the easement. The appellee later withdrew her consent for the contractor to use access outside the easement, and there was evidence the contractor thereafter trespassed outside the easement and caused further damage after the permitted access was withdrawn.

The evidence is undisputed the easement extends to and across Reservoir Road and that the contractor had a means of access to the easement from that road, but that access

because of a ditch and difference in elevation between the road and easement, was not as convenient for the contractor.

We hold the court erred in permitting the appellee to introduce evidence, over appellant's objections, of damages to her property committed by the contractor outside the easement. Any such damages were the result of actions of the contractor while using lands outside the easement with consent of the appellee, or were the result of trespasses by the contractor. Unquestionably the contractor had no right to enter upon appellee's land outside the easement without her consent, and such entries, other than those made with appellee's consent, were trespasses. Any damages arising from such actions by the contractor did not necessarily or reasonably flow from the taking of the easement. Damages from tortious actions are not a proper element of damage in a proceeding for the condemnation of the easement. *Springfield & Memphis Railway Company v. Henry,* 44 Ark. 360 (1884).

In *Tri-B Advertising* v. *Ark. State Highway Commission,* 260 Ark. 227, 539 S.W. 2d 430 (1976), the court quoted the general rule from 40 C.J.S. Highways § 212 as follows:

> However, the contractor, and not the highway authority, is liable for damages resulting from his own tortious acts in the performance of the contract, as where he is negligent, or commits an unauthorized trespass on the property off the right of way. Even though the highway authority may be immune from liability for damage, such immunity is not shared by the contractor. ***

Tort damages by an independent contractor are to be distinguished from damages that inevitably or necessarily flow from the construction of an improvement in keeping with the design of the condemnor. Such distinction is clearly made in *White* v. *Maddux, Special Administrator,* 227 Ark. 163, 296 S.W. 2d 679 (1956), in which the court reiterated the well established law that the State, its political subdivisions and *quasi* public corporations are not liable in tort. Damages to land outside the easement which inevitably or necessarily flow from the construction upon the easement, such as permanent flooding of land outside the easement by reason of

structures placed on the easement in keeping with the design of the condemnor, results in an appropriation of land for public use outside the easement. Such damages are embraced within just compensation to which the landowner is entitled. *Board of Directors, St. Francis Levee District* v. *Morledge,* 231 Ark. 815, 332 S.W. 2d 822 (1960). The damages outside the easement in the present case were not an appropriation of additional land to public use, but resulted from tortious acts of the contractor unauthorized by the appellant.

Appellee argues the application of appellant for the order taking the easement bound appellant to repair the area after the construction. However, the provision referred to is limited to restoration of the easement area and does not extend to damages outside the easement caused by the contractor.

Appellee also argues the appellant agreed to withhold some of the construction contract payments to compensate appellee, but the evidence reveals no such firm commitment by appellant.

As the case must be reversed for the error above discussed, we find it unnecessary to discuss other errors asserted by appellant.

Reversed and remanded.